**Herbert G. CANTRELL,
Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health
and Human Services,
Defendant-Appellee.**

**No. 86–8311
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 3, 1986.

As Corrected Jan. 23, 1987.

---

Paul H. Kehir, Snellville, Ga., for plaintiff-appellant.

Stephen S. Cowen, U.S. Atty., Robert Tayloe Ross, Atlanta, Ga., for defendant-appellee.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

Petitioner claims disability based upon psoriasis over 80% of his body. The ALJ found: (1) that the psoriasis was treatable and amenable to therapy; (2) that petitioner has the residual functional capacity to perform jobs cited by a vocational expert; and (3) that petitioner could work despite his psoriasis. None of these findings is supported by substantial evidence.

As to treatability, petitioner was not under treatment at the time of his hearing. He testified that he had been under treatment in 1984 and that the medication caused his condition to worsen. An evaluating physician, Dr. Dobes, examined petitioner; he testified that psoriasis could be

debilitating and that it could be aggravated by anything that would normally aggravate the skin and that it needed a controlled environment. He stated that there were a "number of forms of therapy which are extremely good and new in helping to stabilize and control his condition but are chronic therapies and need to be maintained ... but also entail risk...." This does not rise to the level of testimony that petitioner's condition was treatable and amenable to therapy.

■ As to findings (2) and (3), a vocational expert was asked whether petitioner could perform certain jobs listed. He responded that it would be a matter of the intensity of petitioner's psoriasis and how much it would interfere with his energy and his job. He testified further that it would be difficult for petitioner to hold positions over any period of time if he were constantly scratching all over his body (the constant scratching was supported by other evidence). And he ended up by saying that he "just really cannot say" whether petitioner could satisfactorily perform his work or not. It is obvious that this testimony does not support a conclusion that petitioner had the residual functional capacity to perform the listed jobs or a conclusion that he can work despite his condition.

■ Additionally, on remand the respondent should reexamine the standard stated by the ALJ in his determination of whether petitioner's impairment was severe. In determining the severity of an impairment at the second stage of the required sequential evaluation, the claimant need only show that an abnormality's effect is not so minimal that it would not interfere with his ability to work irrespective of his age, education or work experience. *McDaniel v. Bowen,* 800 F.2d 1026, 1030 (11th Cir.1986). In the present case the ALJ stated: "The claimant's medical condition does not significantly limit his ability to perform the jobs cited by the vocational expert." While it is not altogether clear, if this was intended to be a

second step severity finding, it improperly considered petitioner's ability to perform other employment. *McDaniel.*

The judgment of the district court is REVERSED and the case is REMANDED to the district court with instructions to remand to the Secretary for further consideration.