**Mamie L. JAMISON,**
**Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health**
**and Human Services of the United**
**States, Defendant-Appellee.**

**No. 85–3873.**

United States Court of Appeals,
Eleventh Circuit.

April 13, 1987.

Marva A. Davis, Quincy, Fla., for plaintiff-appellant.

Mary Beth McNamara, Judith T. Shepard, Baltimore, Md., for defendant-appellee.

Before HILL and JOHNSON, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge:

This is an appeal from a district court's order affirming a final decision by the Secretary of Health and Human Services to deny disability insurance benefits and supplemental security income. The appellant, Mamie L. Jamison, argues that the Administrative Law Judge ("ALJ") failed to consider her medical condition as a whole in determining whether she had a disability. Because we cannot determine from the ALJ's opinion whether he considered Jamison's medical condition in its entirety, we will vacate the district court's decision and require a remand to the Secretary.

I

Jamison was born in July of 1934. She has completed three years of formal education and is unable to read or write to a significant degree but can write her name. She worked for many years as a migrant farm laborer picking fruits and vegetables. She stopped work in the same year she married her present husband, who is disabled.

Jamison claims that seizure disorders, visual impairment, high blood pressure, arthritis, bursitis, and related conditions prevent her from working. Jamison lost her right eye in 1975, and now has a glass prosthesis. Her vision in her left eye is hampered by an inability to see at close range (the medical evidence established a best corrected visual acuity of 20/50) and by a moderately restricted peripheral field, although she testified that she can see "way off." Transcript of Administrative Hearing on March 16, 1984 at 7; District Court Transcript at 34.[1] She also has bursitis in her shoulder, arthritis in her back, and a small ganglion on her left wrist.

In an application amended to allege an onset date of April 22, 1982, Jamison applied for disability insurance benefits and supplemental security income. Her application was denied initially and after reconsideration, and she asked for a hearing before an ALJ, who also denied benefits. While the ALJ found that Jamison had a

---

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. The volume in the record entitled "District Court Transcript" is actually the administrative record established before the agency. It does not contain transcripts of any hearing before the district court. We use the title of "District Court Transcript" for the sake of simplicity.

severe visual impairment and nonsevere impairments of bursitis in her shoulder and arthritis in her back, he found that she did not meet the requirements necessary to establish a disability. The Appeals Council denied Jamison's request for a hearing to review the ALJ's decision. She then filed this action. The district court adopted a magistrate's recommendation and report and affirmed the Secretary's denial of benefits. Jamison appeals from that decision.

## II

■ In our review of the Secretary's application of the regulations and their governing act, we must vacate the district court's decision and require a remand to the Secretary if the ALJ committed an error of law.[2] E.g., McDaniel v. Bowen, 800 F.2d 1026, 1029–30 (11th Cir.1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983). Because in this case we cannot ascertain whether the ALJ followed the statutory requirements and the related regulations as construed by this court, we must similarly vacate and require a remand to the Secretary for clarification.

■ The Secretary has established a five-step evaluation to determine disabilities. 20 C.F.R. 416.920(a)–(f); see also e.g., McDaniel, 800 F.2d at 1030 (explaining the five steps). The ALJ must first determine if the claimant is unemployed. At step two the ALJ must determine if the claimant has any severe impairment. This step acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the

requirement of step two. See, e.g., Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984); see also Cantrell v. Bowen, 804 F.2d 1571, 1573 (11th Cir.1986); McDaniel, 800 F.2d at 1031. In the case before us the ALJ determined that Jamison did have at least one severe impairment, a severe visual impairment, so he proceeded to step three.

■ At step three the ALJ must determine if the applicant has a severe impairment or a combination of impairments, whether severe or not, that qualify as a disability. The ALJ must consider the applicant's medical condition taken as a whole. E.g., Hudson v. Heckler, 755 F.2d 781, 785 & n. 2 (11th Cir.1985); Bloodsworth v. Heckler, 703 F.2d 1233, 1240 (11th Cir.1983). Likewise, the ALJ must consider the applicant's entire medical condition in determining whether the applicant can return to her past work (step four), and if not, whether the applicant can perform other work available in the national economy (step five).

■ We are unable from the ALJ's opinion in this case to determine if at any step in his sequential analysis he considered the claimant's entire medical condition.[3] Where we cannot determine from the ALJ's opinion whether the ALJ applied the statutory requirements and the Secretary's regulations as construed by this circuit, we cannot effectively perform our duty to ensure that the proper regulatory requirements were in fact applied. Parker v. Bowen, 788 F.2d 1512, 1521 (11th Cir. 1986) (en banc); Owens v. Heckler, 748 F.2d 1511, 1514–16 (11th Cir.1984). We do not require that ALJs necessarily cite to particular regulations or cases; nor do we

---

2. While we of course recognize the deference we owe to the Secretary's factual findings, see, e.g., Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); McDaniel v. Bowen, 800 F.2d 1026, 1029–30 (11th Cir. 1986); Bloodsworth v. Heckler, 703 F.2d 1233, 1239–40 (11th Cir.1983), that deference is not relevant to the error on which we remand, for the error committed by the ALJ that we reach here was his failure to explain his legal analysis in his opinion, and was not a failure in his determination of the facts.

3. Jamison has also challenged the district court's order on several other grounds, but we do not reach these issues given our decision to remand. Counsel have raised in regard to some issues a question regarding the law appropriate to the determination of this case. We have examined the current and prior statutory, regulatory, and case law that might apply, and have concluded that on the point on which we decide the case there is no difference of law material to our decision.

require the use of particular phrases or formulations. *See, e.g., McDaniel,* 800 F.2d at 1031 n. 5. But in order to make our review meaningful, we must be able to determine what statutory and regulatory requirements the ALJ did in fact apply—where we cannot do that we must vacate and require a remand to the Secretary for clarification. *E.g., Parker,* 788 F.2d at 1521; *Owens,* 748 F.2d at 1514–15.

■ Here the ALJ certainly considered Jamison's claims of medical impairments separately. He then concluded, inter alia, that

> After careful consideration of the entire record
>
> .        .        .        .        .
>
> 4. Claimant's medical condition does not limit her physical ability to perform a full range of work-related functions such as her former work as a migrant farmer.

ALJ's Opinion at 8; District Court Transcript at 17. We cannot determine from this language whether the ALJ considered Jamison's visual impairment in combination with her bursitis and arthritis in determining whether she was disabled within the meaning of the regulations. The ALJ's "careful consideration of the entire record" communicates only that the ALJ reviewed the entire record; it does not answer the question of whether his "careful consideration" included a consideration of Jamison's entire medical condition. His conclusion that Jamison's "medical condition" did not prevent her return to her former work is no more helpful, for it also leaves open the question of whether he considered her medical condition in its entirety—and the balance of the opinion reveals only separate considerations of each claimed medical impairment.

■ Even the Secretary in his brief does not rely to any substantial degree on the ALJ's formal findings. Instead, the Secretary contends that the ALJ's evaluation of the evidence reveals his consideration of Jamison's medical condition as a whole:

> Having decided that [Jamison's severe visual impairment] did not preclude her returning to her past work, [the ALJ] proceeded to consider also her other physical limitations. This is clear both from his use of the word "further" in discussing her alleged impairments and from the general sense of his decision, which added her alleged conditions together, one by one, in order to reach his conclusion of not disabled. The ALJ discussed the issues seriatim not to fragment his consideration, but merely because it is only possible to discuss one issue at a time.

Defendant-Appellee's Brief at 31. The Secretary's interpretation of the ALJ's opinion is, at best, disingenuous. The ALJ's use of the word "further" was in a sentence in which he found that Jamison did not have any *other severe impairment* that "further affect[ed]" her ability to return to her past relevant work. ALJ's Opinion at 6–7; District Court Transcript at 15–16. The sentence says nothing about whether the medically established nonsevere impairments of bursitis and arthritis decreased her ability to work when considered along with her severe visual impairment.[4] The Secretary's plea to the "general sense" of the ALJ's opinion merely points up the absence of any language in that opinion that reveals a consideration of Jamison's medical condition as a whole. Finally, the Secretary's contention that it is impossible to consider claims taken together is plainly no more than litigative posturing. We, of course, have no objection to the individual treatment of each claimed medical impairment. But the requirement that the entire medical condition must be considered re-

---

4. In our decision today we express no opinion on whether the legal conclusions (other than a consideration of Jamison's entire medical condition) or the factual findings of the ALJ were in any way inadequate. For the purposes of this opinion, we accept the findings of the ALJ. These findings established medically supported nonsevere impairments of arthritis and bursitis and a severe visual impairment. There was no medical evidence to support the claim of a seizure disorder, and the absence of medical evidence and the ALJ's finding that Jamison was not credible entitled the ALJ to exclude the consideration of her alleged seizure condition from his consideration of the effect of her impairments upon her ability to work.

quires some discussion of the claims taken together. While the ALJ made broad findings that Jamison lacked credibility and could return to her past work these alone are not enough to enable us to conclude that he considered her medical condition as a whole. In these cases "our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts." *Parker,* 788 F.2d at 1521 (quoting *Owens,* 748 F.2d at 1516). The ALJ has not provided an explanation sufficient for us to perform that duty.

### III

In accordance with this opinion, the district court's order is VACATED and the case is REMANDED to the district court with instructions to remand the case to the Secretary for further proceedings consistent with this opinion.