[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15092
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:09-cv-00131-GRJ

SCOTT DELIA,

                                                    Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 14, 2011)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

       Scott Delia appeals the district court's order affirming the Social Security

Administration's denial of his application for disability benefits.  He raises two

arguments on appeal. First, he argues that the Administrative Law Judge ("ALJ") erred in finding that his mental impairments were not severe. Second, Delia contends that the ALJ erred in rejecting the testimony of the Vocational Expert ("VE") in response to his hypothetical questions.[1]

I

Delia first claims that the ALJ erred by failing to find that Delia's chronic pain syndrome and depression were "severe impairments" as that term is used in determining social security benefits. When we consider Social Security appeals, we must examine whether the Commissioner's decision is supported by substantial evidence and based on the proper legal standards. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id.

A five-step process is used to determine whether an applicant is disabled:

---

[1]      In his appeal, Delia offers a general explanation of the manner in which a worker can be considered disabled even if he is able to attend work on a full-time basis. As part of this explanation, he offers the hypothetical example of an employee who works a 40-hour work week but is only able to complete 90% of his assigned work during that time due to a medical condition. Delia nowhere asserts that this hypothetical relates specifically to the facts of his disability claim or that the district court erred in its interpretation of how productive an employee must be in order to not be considered disabled. Regardless of whether the claim is being asserted as part of Delia's appeal, he did not raise this argument in the district court so it is waived and we will not address its merits. See Stewart v. Dep't of Health & Human Servs., 26 F.3d 115, 115 (11th Cir. 1994).

(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

Winschel, 631 F.3d at 1178. "Step two is a threshold inquiry." McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986). Only slight, trivial impairments that "would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience" are not severe at this step. Id. At steps three, four, and five, the ALJ considers the claimant's entire medical condition, including impairments that are not severe at step two. Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

Substantial evidence does not support the ALJ's finding, at step two, that Delia's mental impairments were not severe because the medical evidence showed that these impairments did cause restrictions in daily living, social functioning, and maintaining concentration, persistence, or pace. However, the ALJ deemed several of Delia's other medical impairments to be severe and therefore continued

3

on in the sequential inquiry. The ALJ considered Delia's mental impairments at steps three, four, and five. Because the ALJ gave full consideration to the consequences of Delia's mental impairments on his ability to work at later stages of the analysis, the error at step two was harmless and is not cause for reversal. See Reeves v. Heckler, 734 F.2d 519, 524 (11th Cir. 1984) (rejecting a challenge to an ALJ's conclusion as harmless error when the ALJ had considered the relevant evidence in making the disability determination).

## II

Delia's second argument is that the ALJ erred in rejecting the VE's testimony in response to his hypothetical questions. At step five, the burden is on the Commissioner to show that there is work in the national economy that the claimant could perform. Doughty v. Apfel, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001). The Commissioner may meet this burden by showing "that the claimant can perform other jobs . . . through the testimony of a VE." Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Id. An ALJ is "not required to include findings in the hypothetical that the ALJ ha[s] properly rejected as unsupported."

Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004) (per curiam).

The ALJ properly rejected the VE's responses to Delia's hypothetical questions because the evidence supported the ALJ's rejection of the work-related restrictions Delia included in his questions. The ALJ concluded that these limitations were not supported by the medical evidence or by Delia's own statements. Though these limitations were included in the findings of two of Delia's treating physicians, they belied that same physicians' treatment notes and the findings of the other doctors who examined Delia. Thus, the rejection of the limitations was supported by substantial evidence, and the ALJ did not err in rejecting the VE's testimony in response to these questions. See Crawford, 363 F.3d at 1161. Having properly rejected the responses to Delia's hypothetical, the ALJ was free to accept the VE's responses to his own hypothetical question, fulfilling the burden placed on the Commissioner at step five to show that there are jobs in the national economy that Delia can perform. Accordingly, we affirm.

**AFFIRMED.**[2]

---

[2] Appellant's request for oral argument is denied as moot.