[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15011
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00185-GRJ


HILAROY SHEFFIELD,

                                                            Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                            Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 20, 2013)

Before BARKETT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Hilaroy Sheffield appeals the magistrate judge's order affirming the Social

Security Administration's denial of his applications for disability benefits and

supplemental security income.  On appeal, he argues that the Administrative Law Judge ("ALJ"): (1) erroneously found that his mental impairment was not severe; and (2) erroneously found that he did not meet the mental retardation listing, found at 20 C.F.R. § 404, Subpart P, Appendix 1 at § 12.05(C).  After thorough review, we affirm in part, and vacate and remand in part.

We review the Commissioner's decision for substantial evidence and to ensure that the decision was "based on proper legal standards."  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id. (quotations omitted).

> The Commissioner uses
>
> a five-step, sequential evaluation process . . . to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity . . . assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

Id.  "Step two is a threshold inquiry."  McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986).  Only slight trivial impairments that "would clearly not be expected to interfere with the individual's ability to work, irrespective of age,

education or work experience" are not severe at this step.  Id.  An impairment is not severe if it does not significantly limit the claimant's ability to do basic work activities, i.e., "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(a), (b), 416.921(a), (b).  Examples of basic work activities are physical activities such as walking, standing, and carrying; "seeing, hearing, and speaking"; understanding, following, and remembering simple instructions; using judgment; "[r]esponding appropriately to supervision, co-workers[,] and usual work situations"; and "[d]ealing with changes in a routine work setting."  Id. §§ 404.1521(b), 416.921(b).  The claimant bears the burden of proving he has a severe impairment at step two.  Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).

We've held that where two examining physicians gave uncontroverted testimony that a claimant was "totally disabled," there was substantial evidence of a severe impairment.  Flynn v. Heckler, 768 F.2d 1273, 1275 (11th Cir. 1985). However, we've also found an impairment not severe where a claimant with sickle cell anemia "manifested few symptoms of the disease" and had close to normal cognitive, social, and motor development.  Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999).

First, we are unpersuaded by Sheffield's claim that the ALJ erroneously found that his IQ was not a severe impairment.  See Jones, 190 F.3d at 1228.  As the record shows, Sheffield presented no evidence that his IQ significantly limited

3

his ability to do basic work activities. See 20 C.F.R. §§ 404.1521(a), 416.921(a). For example, he presented no evidence that he had difficulty understanding, remembering, or following simple instructions; using judgment; appropriately responding to co-workers, supervisors, or routine work settings; or responding to changes in a work setting. See id. §§ 404.1521(b), 416.921(b). Furthermore, a phone interviewer indicated that Sheffield had no difficulty hearing, reading, understanding, speaking coherently, concentrating, or talking. What's more, Sheffield testified at the hearing before the ALJ that his reading and writing skills were limited by his eyesight, but he did not mention his IQ in relation to these skills. Accordingly, the ALJ did not err in finding that only Sheffield's glaucoma was a severe impairment.

However, the record is insufficient for us to determine whether the ALJ erroneously found that he did not meet the mental retardation listing. At step three, the ALJ considers the claimant's entire medical condition, including impairments that are not severe at step two. Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1984). If we cannot determine whether the ALJ considered the claimant's entire medical condition at steps three, four, and five, a remand is necessary because, in such a case, "we cannot effectively perform our duty to ensure that the proper regulatory requirements were in fact applied." Id. at 588-89.

In this case, it is not clear whether the ALJ considered Sheffield's entire medical condition -- that is, both his glaucoma and any mental impairment -- at step three. See id. Rather, when considering step three, the ALJ merely found that Sheffield did not have an impairment that met the listed impairments, and in making this finding the ALJ gave particular consideration to Sheffield's glaucoma. In explaining the finding at step three, the ALJ said that there was no medical evidence supporting a finding of listing-level severity as to any impairment, but in this explanation, the ALJ did not mention the mental retardation listing, Sheffield's IQ, Sheffield's educational history or current activities, or Sheffield's argument from the hearing that he met the mental retardation listing at § 12.05(C). On this record, we cannot effectively ensure that the ALJ properly applied the relevant regulatory requirements. See id. at 588. Accordingly, we vacate and remand for further findings.

**VACATED AND REMANDED.**