[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10318
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00239-GRJ

TRACY S. SMITH,

                              Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 11, 2013)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Tracy S. Smith appeals the magistrate judge's order affirming the Administrative Law Judge's (ALJ) denial of her applications for disability insurance benefits (DIB) and supplemental security income (SSI), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Smith originally alleged a disability onset date of September 2, 2007, following a stroke, which allegedly caused her to experience difficulty walking, trouble remembering, headaches, and hand cramps. On appeal, she argues that the ALJ erred in finding that (1) she was not mentally retarded at step two of the sequential evaluation process, and (2) she did not meet Listing 12.05(C) for mental retardation at step three of the sequential evaluation process. Specifically, Smith asserts that the ALJ misconstrued her IQ test—on which she received a score of 59—to conclude that her IQ was above 70. After a thorough review of the briefs and record, we affirm.[1]

I.

We review the Social Security Commissioner's decision for substantial evidence and to ensure that the decision was "based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks omitted). "Substantial evidence is more than a scintilla and is

---

[1] Smith also claims that "[t]he record as a whole supports an additional severe impairment of bipolar disorder." However, because Smith has failed to offer any argument to support her claim, it is deemed abandoned. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (stating that issues not argued on appeal are deemed abandoned).

2

such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

The Social Security Regulations outline a five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ must evaluate:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237–39 (11th Cir. 2004)); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v).

## II.

Smith first argues that she established mental retardation as her severe impairment at step two. At this step, the ALJ must make a "threshold inquiry" as to the medical severity of the claimant's impairments. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *see* 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), and 404.1520a(a). "[T]he finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the

3

requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *see* 20 C.F.R. § 404.1523. Only slight, trivial impairments that "would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience" are not deemed severe at this step. *McDaniel*, 800 F.2d at 1031.

In addition, an impairment is not severe if it does not significantly limit the claimant's ability to do basic work activities, which are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). Examples of basic work activities include physical activities like walking, standing, and carrying, and "seeing, hearing, and speaking," as well as understanding, following, and remembering simple instructions, using judgment, "[r]esponding appropriately to supervision, co-workers[,] and usual work situations," and "[d]ealing with changes in a routine work setting." *Id.*

We conclude that substantial evidence supports the ALJ's decision that Smith is not mentally retarded because she presented no evidence that her IQ limited her ability to do basic work activities. Even Dr. Linda Abeles, who evaluated Smith's mental health, opined that Smith was capable of manual labor work and that Smith's prognosis for future success in the workplace was "fair," despite diagnosing Smith with borderline intelligence. Smith also self-reported on multiple occasions that she had no mental impairments and that she was of average

intelligence, and testified before the ALJ that she could read, write, and count monies. Thus, there was substantial evidence in the record to support the ALJ's step two determination.

## III.

At step three, the claimant has the burden of proving that her impairment meets or equals a listed impairment. *See Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991). "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (per curiam). "To 'equal' a Listing, the medical findings must be at least equal in severity and duration to the listed findings." *Id.* (internal quotation marks omitted).

Smith claims that her mental retardation impairment met or equaled Listing 12.05(C). In its introductory paragraph, Listing 12.05, entitled "Mental retardation," provides:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.[2]

---

[2] We have held that "a claimant need not present evidence that she manifested deficits in adaptive functioning prior to the age [of] twenty-two, when she presented evidence of low IQ test results after the age of twenty-two." *Hodges v. Barnhart*, 276 F.3d 1265, 1266 (11th Cir. 2001).

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05 (footnote added).  Listing 12.05(C) specifically requires a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."  *Id.* § 12.05(C).  "Generally, a claimant meets the criteria for presumptive disability under section 12.05(C) when the claimant presents a valid I.Q. score of 60 to 70 inclusive, and evidence of an additional mental or physical impairment that has more than 'minimal effect' on the claimant's ability to perform basic work activities."  *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

We conclude that substantial evidence supports the ALJ's conclusion that, despite Smith's IQ scores, she did not meet or equal the criteria of Listing 12.05(C).  First, the record supports the conclusion that, due to her limited effort during examination and apparent fatigue, Smith's IQ scores were not valid and underestimated her actual level of functioning.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(D)(6)(a) (noting that the "narrative report that accompanies the test results should comment on whether the IQ scores are considered valid and consistent with the developmental history and the degree of functional limitation").  Second, even though she was diagnosed with possible borderline intellectual functioning, this diagnosis alone was insufficient to meet the criteria of Listing

12.05(C).  *See* 20 C.F.R. § 416.925(d) ("Your impairment(s) cannot meet the criteria of a listing based only on a diagnosis. To meet the requirements of a listing, you must have a medically determinable impairment(s) that satisfies all of the criteria of the listing.").  Given that the administering physician, Dr. Janet Humphreys, felt that Smith's IQ scores underestimated her intelligence, the ALJ properly determined that Smith did not present a valid IQ score of 60 through 70. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05(C).  Finally, the ALJ correctly noted that Smith's treatment records did not support a finding of mental retardation.  *See Popp v. Heckler*, 779 F.2d 1497, 1500 (11th Cir. 1986) (per curiam) ("[T]he ALJ was not required to find that [the claimant] was mentally retarded based on the results of the IQ test.  The ALJ is required to examine the results in conjunction with other medical evidence and the claimant's daily activities and behavior.").  Specifically, records showed that Smith did not claim disability due to mental retardation until a consultative examination conducted after her hearing in front of the ALJ.   Furthermore, during intake for substance abuse treatment, Smith reported that she had no problems in school and was of average intelligence, and denied having any problems with abstraction, problem solving, or thought processes.   The fact that none of the other treatment records diagnosed Smith with mental retardation supports the ALJ's rejection of the IQ test results and supports the conclusion that Smith did not meet or equal the criteria of

7

Listing 12.05(C).  Ultimately, because the record evidence showed that the results of Smith's IQ test provided only a low estimate of her IQ and no other medical source determined that Smith was mentally retarded, substantial evidence supports the ALJ's finding that Smith did not meet or equal the criteria of Listing 12.05(C).

**AFFIRMED.**