[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11578
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-00084-CG-N

DEBORAH ANN PACKER,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 29, 2013)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Deborah Packer appeals from the district court's judgment affirming the

administrative law judge's ("ALJ") denial of her applications for Disability

Insurance Benefits and Supplemental Security Income, pursuant to 42 U.S.C. §§

405(g), 1383(c)(3). On appeal, Packer argues that: (1) the record evidence was insufficient to support the ALJ's residual functional capacity ("RFC") finding; and (2) the ALJ's RFC assessment was flawed because the ALJ should have found that Packer's right-knee-degenerative joint disease and varicose veins were additional severe impairments. After careful review, we affirm.

We review the ALJ's decision to determine whether it is supported by substantial evidence and based on proper legal standards. Crawford v. Comer, 363 F.3d 1155, 1158 (11th Cir. 2004). We must affirm a decision that is supported by substantial evidence even if the evidence preponderates against the ALJ's findings. Id. at 1158-59. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. at 1158. Moreover, we may not reweigh the evidence or substitute our judgment for that of the ALJ. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995). We will reverse where the ALJ fails to apply the correct law or to provide us with sufficient reasoning to allow us to determine that the proper legal analysis has been conducted. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

An individual claiming Social Security disability benefits must prove that she is disabled.  Jones v. Patel, 190 F.3d 1224, 1228 (11th Cir. 1999).  The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven that she is disabled.  Id.  A claimant must show that (1) she is not performing substantial gainful activity; (2) she has a severe impairment; (3) the impairment or combination of impairments meets or equals an impairment listed in the regulations; or (4) she cannot return to past work; and, (5) if the Secretary identifies other work, she cannot perform other work based on her age, education, and experience.  20 C.F.R. § 404.1520; Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).

We have explained that the finding of any severe impairment, whether or not it qualifies as a disability, is enough to satisfy the requirement of step two of the sequential evaluation process.  Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).  An RFC determination is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite her impairments.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  There is no rigid requirement that the ALJ specifically refer to every piece of evidence, so long as the ALJ's decision is not a broad rejection, i.e., where the ALJ does not provide enough reasoning for a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole.  Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).

In this case, Packer has failed to establish that her RFC assessment was not supported by substantial evidence. As for Packer's credibility, the ALJ determined that Packer's testimony and allegations concerning her medical condition were credible only to the extent that they were compatible with her RFC assessment, and that Packer's hearing testimony "remained inconsistent and evasive, and failed to provide any significant clarification of prior inconsistencies in [Packer's] allegations." As for the medical evidence, Packer provided little evidence that supported her allegations that her alleged impairments had limited her physical functioning or work-related activities -- the medical sources indicated that Packer's physical functioning in the pertinent areas was normal or only mildly restricted, and none of the medical sources indicated that Packer had any significant functional limitations, let alone any disability. Notably, during the 18-month relevant time period, Packer did not seek any medical treatment for almost an entire year between February 2009 and January 2010. Moreover, Packer's X-rays were normal, she regularly demonstrated full range of motion in her legs and lower back, and Packer never received more than arguably conservative measures to treat any of her conditions. Therefore, Packer failed to establish that the ALJ's RFC assessment is not supported by substantial evidence.

As for her claim about step two of the sequential evaluation process, we are unpersuaded. As the record shows, the ALJ determined at step two that at least

4

one severe impairment existed; the threshold inquiry at step two therefore was satisfied.  Indeed, since the ALJ proceeded beyond step two, any error in failing to find that Packer suffers from the additional severe impairments of degenerative joint disease of the right knee or varicose veins would be rendered harmless.

To the extent that Packer contends that the ALJ failed to take her alleged degenerative joint disease of the right knee or varicose veins into consideration at other stages of the sequential evaluation process, that argument fails. The ALJ's decision demonstrates that the ALJ thoroughly considered the entire record and accounted for all of Packer's functional limitations.  The ALJ repeatedly noted that she was considering the entire record and Packer's conditions in combination.  The ALJ addressed Packer's musculoskeletal condition in general and specifically noted that Packer's musculoskeletal condition showed no signs or symptoms of deep vein thrombosis.  Packer does not identify record evidence demonstrating that her alleged right knee degenerative joint disease or varicose veins either (1) caused any limitations above and beyond those assessed by the ALJ, or (2) caused or worsened her functional limitations.  Therefore, Packer failed to establish that the ALJ inadequately considered, at any stage in the sequential evaluation process, Packer's alleged right knee degenerative joint disease or varicose veins.

**AFFIRMED.**

5