[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14168
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00381-GKS-PRL


TIJUANA TUGGERSON-BROWN,

                                                        Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 24, 2014)

Before PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Tijuana Tuggerson-Brown appeals from the district court's affirmance of the Social Security Commissioner's ("Commissioner") conclusion that she was not entitled to disability benefits.  On appeal here, Tuggerson-Brown raises two arguments: (1) that the Administrative Law Judge ("ALJ"), at step two of the sequential analysis, erred in concluding that her depression, lumbar degenerative disc disease, back, neck, and leg pain, and diabetes, separately or combined, did not constitute a severe impairment, and (2) that the ALJ failed to consider those impairments in conjunction with others at the latter stages of the sequential analysis.

We review the Commissioner's decisions with deference to factual findings and close scrutiny of legal conclusions.  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  Factual findings are conclusive if they are supported by substantial evidence, or enough evidence such that a reasonable person would find it adequate to support the conclusion.  *Id*.

According to administration regulations, once before an ALJ, the evaluation of an alleged disability should follow a five-step sequential process.  20 C.F.R. § 404.1520(a)(4); *see also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  At the second step, the ALJ considers the medical severity of the applicant's impairments, and, if he finds that an applicant does not have a "severe" impairment or combination of impairments, he should conclude that there is no

disability. *Id*. § 404.1520(a)(4)(ii). We have described step two as a "filter" requiring the denial of any disability claim where no severe impairment or combination of impairments is present. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). We have also described step two as designed to screen out groundless claims, where the applicant's medical problems could not possibly prevent her from working. *Stratton v. Bowen*, 827 F.2d 1447, 1452 & n.9 (11th Cir. 1987). To proceed to step three of the evaluation process, an ALJ need only conclude that an applicant had "at least one" severe impairment. *Jamison*, 814 F.2d at 588.

Where an applicant has multiple impairments, the ALJ considers the combined effect of all impairments without regard to whether any individual impairment would demonstrate disability. 20 C.F.R. § 404.1523. At step three of the sequential process, the ALJ determines whether an applicant has "impairment(s)" that meets one of the listed disabilities. *Id*. § 404.1520(a)(4)(iii). The regulations state that, where no individual impairment meets a listing, the ALJ will consider whether a combination of impairments is medically equivalent to a listing. *Id*. § 404.1526; *see also Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002).

At step four of the sequential evaluation, the ALJ considers his assessment of the applicant's Residual Functional Capacity ("RFC") and past relevant work to

determine whether the applicant can return to her former work. *Id*. § 404.1520(a)(4)(iv). In determining RFC, the ALJ considers all medically determinable impairments. *Id*. § 404.1545(a)(2). At the fifth step, the administration considers the same RFC assessment and other information to see if the applicant can adjust to other work in light of her "impairment(s)." *Id*. § 404.1520(a)(4)(v) and (g)(1).

In *Wilson*, the ALJ acknowledged that Wilson suffered multiple injuries and then stated that he "did not have an impairment or combination of impairments" that equaled a listing. 284 F.3d at 1224 (emphasis omitted). We held that statement was sufficient to demonstrate that the ALJ considered the cumulative effect of the applicant's impairments. *Id*. at 1224-25; *see also Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (reaching the same conclusion based on similar language).

As we have described, step two of the sequential evaluation acts as a "screening" or "filter" to eliminate groundless claims. *See Stratton*, 827 F.2d at 1452 & n.9; *Jamison*, 814 F.2d at 588. Accordingly, we have recognized that step two requires only a finding of "at least one" severe impairment to continue on to the later steps. *See Jamison*, 814 F.2d at 588. Further, the regulations state that the only consequence of the analysis at step two is that, if the ALJ finds no severe impairment or impairments, he should reach a conclusion of no disability. *See*

C.F.R. § 404.1520(a)(4)(ii).  Here, the ALJ found multiple severe impairments and accordingly proceeded to step three of the evaluation.  Based on our precedent and the regulations, therefore, it is apparent that there is no need for an ALJ to identify every severe impairment at step two.  Accordingly, even assuming that Tuggerson-Brown is correct that her additional impairments were "severe," the ALJ's recognition of that as a fact would not, in any way, have changed the step-two analysis, and she cannot demonstrate error below.

While the ALJ did not need to determine whether every alleged impairment was "severe," he was required to consider all impairments, regardless of severity, in conjunction with one another in performing the latter steps of the sequential evaluation.  Despite Tuggerson-Brown's arguments to the contrary, it is apparent from the face of the ALJ's decision and the RFC report relied upon by the ALJ that the ALJ did, in fact, consider all medical evidence in combination in concluding that Tuggerson-Brown was not disabled.  In performing his analysis, the ALJ stated that he evaluated whether Tuggerson-Brown had an "impairment or combination of impairments" that met a listing and that he considered "all symptoms" in determining her RFC.  Under our precedent, those statements are enough to demonstrate that the ALJ considered all necessary evidence.  *See Wilson*, 284 F.3d at 1224-25.  The ALJ went beyond those statements in his analysis, specifically discussing evidence of Tuggerson-Brown's depression,

5

diabetes, leg, neck, and back pain, and mild degenerative disc disease.  The RFC report likewise addressed many of the same symptoms.  Accordingly, the record sufficiently demonstrates that the ALJ properly considered all of Tuggerson-Brown's impairments, even those not specifically found to be severe, in reaching a conclusion that she was not disabled.   Tuggerson-Brown does not specifically challenge or assert that the ALJ's ultimate conclusion was not based on substantial evidence in some other regard, and therefore we affirm the denial of disability benefits.

**AFFIRMED.**