[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15123
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00150-MP-GRJ

DANIEL L. FLEMMING,

Plaintiff-Appellant,

versus

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 15, 2015)

Before ROSENBAUM, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Daniel Lloyd Flemming appeals the Commissioner of the Social Security Administration's ("Commissioner") decision that he was not entitled to disability insurance benefits. On appeal, Flemming argues that the Commissioner failed to consider his psychotic disorder in combination with his other impairments. Specifically, Flemming contends, the Commissioner failed to consider whether his impairments met Listing 12.02 (Organic Mental Disorders) and Listing 12.03 (Schizophrenic, Paranoid, and Other Psychotic Disorders).

Flemming applied for disability insurance benefits in November 2010, alleging a disability onset date of January 1, 2010. His applications were denied initially and upon reconsideration. Flemming requested and was granted a hearing before an Administrative Law Judge ("ALJ"), which was held in April 2012. In broad terms, Flemming, who was represented by counsel, claimed that he was disabled because of mental impairments, including personality disorder and psychotic disorder, which were caused or exacerbated by traumatic brain injury.

After the hearing, the ALJ issued a decision finding that Flemming was not disabled within the meaning of the Social Security Act. The ALJ specifically found that Flemming suffered from two severe impairments: personality disorder and historic traumatic brain injury. After reviewing the medical evidence and Flemming's testimony, the ALJ found that Flemming had the residual functional

capacity ("RFC") to perform medium work in the national economy that was limited to simple, routine tasks and infrequent, superficial contact with others.

The Appeals Council denied administrative review of the ALJ's decision, and Flemming then sought judicial review in federal court. *See* 42 U.S.C. § 405(g). Over Flemming's objections, the district court adopted the magistrate judge's recommendation and affirmed the ALJ's decision. Flemming now brings this appeal.

In Social Security appeals, we review whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). Our deferential review precludes us from deciding the facts anew, making credibility determinations, or re-weighing the evidence. *Id.* Consequently, we must affirm the agency's decision if it is supported by substantial evidence, even if the evidence preponderates against it. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Nevertheless, the ALJ must state with at least some measure of clarity the grounds for her decision, and we will not affirm "simply because some rationale might have supported the ALJ's conclusions." *Winschel*, 631 F.3d at 1179.

The applicable regulations provide a five-step, sequential evaluation process to determine whether a claimant is disabled. *Id.* at 1178. The ALJ must first determine if the claimant is currently engaged in substantial gainful activity. *Id.* Second, the ALJ must evaluate whether the claimant has any severe impairment or combination of impairments. *Id.* This step acts as a filter to screen out *de minimis* claims. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). The finding of "any severe impairment" is sufficient for the ALJ to proceed to the third step. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). At the third step, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the severity of a specified impairment in the Listing of Impairments. *Winschel*, 631 F.3d at 1178. At steps four and five, the ALJ must determine the claimant's residual functional capacity ("RFC") and whether, in view of his RFC and other factors, the claimant can perform any past relevant work or any other job in the national economy. *Id.* In assessing whether a claimant is disabled at steps three through five, the ALJ must base her decision on the claimant's medical condition as a whole, which includes both severe and non-severe impairments. *Jamison*, 814 F.2d at 588; *see* 20 C.F.R. § 404.1545(e).

Flemming argues that the ALJ erred at step two of the analysis by failing to find that Flemming's psychotic disorder was a severe impairment, and that this error either caused or reflects the ALJ's failure to consider all of Flemming's

4

alleged impairments, including his psychotic disorder, in combination at steps three through five. Flemming specifically notes that the ALJ failed to discuss or even mention Listings 12.02 and 12.03 at step three.

As Flemming concedes, the ALJ's failure to list his psychotic disorder as a severe impairment at step two is not a reversible error, assuming that it was an error to begin with. Even if the ALJ erred in not indicating whether Flemming's psychotic disorder was a severe impairment, the error was harmless because the ALJ concluded that Flemming had two other severe impairments, thereby satisfying step two. *See Jamison*, 814 F.2d at 588; *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir.1991) (applying the harmless-error doctrine to social security cases). Having found a severe impairment, the ALJ proceeded to step three, and so do we.

The ALJ's failure to discuss Listings 12.02 and 12.03 at step three does not necessarily show that the ALJ did not consider those listings. While the ALJ is required to consider the Listing of Impairments in making a decision at step three, we do not require an ALJ to "mechanically recite" the evidence or listings she has considered. *See Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986). "There may be an implied finding that a claimant does not meet a listing." *Id.* Therefore, in the absence of an explicit determination, we may infer from the

5

record that the ALJ implicitly considered and found that a claimant's disability did not meet a listing. *See id.*

Here, the record shows that the ALJ properly considered all of Flemming's impairments, including his psychotic disorder, in combination when determining whether he was disabled. First, the ALJ specifically stated that she considered the listings under Listing 12.00, which includes psychotic disorders, as well as "all symptoms." Such statements constitute evidence that the ALJ considered Flemming's psychotic symptoms. *See Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (stating that an ALJ's statement that a claimant does not have a combination of impairments that meet a listing constitutes evidence that the ALJ in fact considered the claimant's impairments in combination).

Second, the remainder of the ALJ's decision reflects that she considered evidence of Flemming's psychotic symptoms. The ALJ extensively reviewed Flemming's treatment notes, from both Moccasin Bend Mental Health Institute and 21st Century Services, which covered the relevant episodes of psychotic behavior. Based on this evidence and Flemming's own testimony, the ALJ concluded that Flemming's psychotic behavior was mainly self-induced. Substantial evidence supports that determination. In particular, the record supports the ALJ's finding that Flemming did not exhibit psychotic behavior when in compliance with treatment programs and when not self-medicating with marijuana or abusing other

6

substances, such as methamphetamine. *Cf.* 20 C.F.R. § 416.930 (stating that a refusal to follow prescribed medical treatment without good reason will preclude a finding of disability).

Moreover, at step three of the ALJ's analysis, the ALJ discussed many of the same symptoms that Flemming claims the ALJ overlooked, including his explosive outbursts, lack of impulse control, and memory impairment. Specifically, the ALJ discussed evidence that Flemming can become anti-social and is easily angered and frustrated. Further, the ALJ noted that Flemming had threatened his mother on occasions. The ALJ also found that Flemming had moderate difficulties in concentration, persistence, or pace, noting that he becomes confused easily and has a short attention span. Then, in making her determination of Flemming's RFC, the ALJ incorporated limitations—infrequent contact with others and simple, routine tasks—that took into account his anti-social behavior and memory deficits. Overall, the record demonstrates that the ALJ adequately considered Flemming's entire medical condition, including his psychotic disorder.

For similar reasons, we conclude that the ALJ implicitly considered and rejected a finding of disability under either Listing 12.02 or Listing 12.03. As noted above, at step three the ALJ explicitly stated that she considered the "listings found under section 11.00 (neurological disorders) and 12.00 (mental disorders)." The ALJ then proceeded to analyze whether Flemming met the "paragraph B"

criteria for Listing 12.08. Under "paragraph B," the claimant's mental impairment must result in at least two of the following: marked restriction of daily living activities, marked difficulties in maintaining social functioning, marked difficulties in maintaining concentration, or repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.08. The ALJ determined that Flemming did not meet the paragraph B criteria, finding that he had mild restriction in activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence, or pace, and no episodes of decompensation of extended duration.

This analysis applies equally to Listings 12.02 and 12.03. All three listings—12.02, 12.03, and 12.08—require a claimant to satisfy the same paragraph B criteria, which concerns functional limitations caused by the mental impairment, despite requiring differing qualifying symptoms.[1] Therefore, in view of our conclusion that the ALJ adequately considered Flemming's psychotic disorder in combination with his other impairments, we conclude that the ALJ

---

[1] Listings 12.02 and 12.03 also provide an alternative way for a claimant to prove disability. This alternative showing, pursuant to paragraph "C," requires the claimant to show a medically documented history of a chronic organic mental or psychotic disorder, of at least two years' duration, that has caused more than a minimal limitation of ability to do basic work activities, along with one of the following: repeated episodes of decompensation, each of extended duration; a residual disease process such that even a minimal increase in mental demands would cause the claimant to decompensate; or a current history of one or more years' inability to function outside a highly supportive living arrangement. Flemming does not contend that he can or does satisfy the paragraph C criteria.

implicitly found that Flemming could not satisfy the paragraph B criteria under either Listing 12.02 or Listing 12.03.

In sum, the record reflects that the ALJ sufficiently considered Flemming's psychotic disorder in combination with his other impairments, and substantial evidence supports the ALJ's implicit determination that Flemming did not meet or equal Listing 12.02 or Listing 12.03.  Therefore, we affirm.

**AFFIRMED.**