[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12723
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-01049-CAP


MINDY BALL,

                                                          Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

                                                          Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 13, 2018)

Before ED CARNES, Chief Judge, FAY, and HULL, Circuit Judges.

PER CURIAM:

Mindy Ball appeals the district court's order affirming the Social Security Commissioner's denial of her application for a disability period, disability insurance benefits, and supplemental security income. She contends that the administrative law judge erred in determining that her depression was a non-severe impairment.

Ball filed her application in September 2010. The ALJ found that Ball has a very mild compression fracture in her spine with mild arthritic changes, a spur formation in her spine, and a history of six lumbar fractures. The ALJ determined that those impairments were severe, but also found that Ball's depressive disorder was not severe. As a result, Ball's application was denied. She appealed to the Social Security Appeals Council, which vacated the ALJ's decision and remanded the case with instructions to give additional consideration to consultative psychological examiner Karl Whitlock's opinion about Ball's depressive disorder and to evaluate the severity of that disorder.

After holding a supplemental hearing on remand, the ALJ applied the five-step analysis for determining whether an individual is disabled, see 20 C.F.R. § 404.1520(a)(4)(i)–(v), and entered findings. First, that Ball had not engaged in substantial gainful activity since July 1, 2009. Second, that she had severe impairments of a mild compression fracture with mild arthritic changes, a spur formation, and a history of six lumbar fractures. As for Ball's depression, the ALJ

considered Dr. Whitlock's opinion but nevertheless concluded that her depression was not severe.  Third, the ALJ found that her impairments did not meet or equal the severity of one of the impairments listed in the Code of Federal Regulations.  Fourth, that Ball had residual functional capacity to perform less than a full range of medium work (for example, she could lift 25 pounds frequently and 50 pounds occasionally, she could sit, stand, and walk for six hours with normal breaks, and she could balance, kneel, crouch, and climb stairs).  Fifth, that Ball was capable of performing her past work as a collections clerk because that work did not require the performance of activities precluded by her residual functional capacity.  Alternatively, for step five, the ALJ determined that there were other jobs that existed in significant numbers in the national economy that Ball could perform.  As a result of all the findings, the ALJ concluded that Ball was not disabled.

The Appeals Council denied Ball's request to review the ALJ's decision.  She then filed a civil action in the district court, which affirmed the ALJ's decision.  This is her appeal.

Where the "ALJ denies benefits and the [Appeals Council] denies review, we review the ALJ's decision as the Commissioner's final decision."  Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).  "We review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny."  Id.  The Commissioner's factfindings "are conclusive if they are

supported by substantial evidence, consisting of such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quotation marks omitted).

Ball contends that the ALJ erred at the second step of the five-step analysis because she found that Ball's depression was not a severe impairment. But step two of the test "acts as a filter" in that the "finding of any severe impairment . . . is enough to satisfy the requirement of step two" and allow the ALJ to proceed to step three. Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987). As a result, even if the ALJ should have determined that Ball's depression was severe, any error was harmless because the ALJ determined that her compression fracture, spur formation, and lumbar fractures were severe, which allowed the ALJ to move on to step three. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (concluding that error was harmless where it did not impact result of the step being challenged); see also 20 C.F.R. § 404.1520(a)(4).[1] And Ball's argument that the purported error affected the ALJ's residual functional capacity analysis in step four fails because the ALJ considered all of Ball's symptoms and impairments (including her alleged depression), her medical records and testimony, and all opinion evidence

---

[1] Ball asserts that the ALJ should have found that her depression was severe because the ALJ gave "some weight" to Dr. Whitlock's opinion that she suffers from depression. But the ALJ was entitled to give minimal weight to Dr. Whitlock's opinion because he was a non-treating physician who saw Ball only once. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) ("[The doctors'] opinions are not entitled to deference because as one-time examiners they were not treating physicians.").

(including Dr. Whitlock's opinion) in determining her residual functional capacity. See Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987) (stating that the ALJ must "make specific and well-articulated findings as to the effect of the combination of impairments" in determining residual functional capacity).[2]

**AFFIRMED.**

---

[2] There is also no record evidence to support Ball's assertions that the Appeals Council required the ALJ to obtain additional medical expert testimony after the remand, that the ALJ did not phrase proper hypothetical questions to the vocational expert, and that the ALJ did not apply the proper pain standard.