[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14428
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-04032-SLB

DERRICK McCORMICK,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 23, 2015)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Derrick McCormick appeals the district court's order affirming the

Commissioner's denial of his application for disability insurance benefits and

supplemental security income. After the Appeals Council for the Social Security Administration denied Mr. McCormick's request for review, the district court affirmed the Administrative Law Judge's decision.

Mr. McCormick argues that the ALJ failed to consider the combination of his impairments as required by 20 C.F.R. § 416.920(a)(4)(ii), and that this alleged error is not harmless. Mr. McCormick also asserts that the ALJ's determination—that he could perform his past work duties—was not supported by substantial evidence.[1]

Upon careful review of the record and the parties' briefs, we affirm.

# I

We review the decision of an ALJ as the Commissioner's final decision where, as here, the ALJ denies benefits and the Appeals Council denies review. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks and citations omitted). "'Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as

---

[1] Although Mr. McCormick argues in his initial brief that the Appeals Council failed to sufficiently articulate its rationale for denying review and failed to show that it adequately evaluated new evidence, Mr. McCormick withdrew this claim in his reply brief. Mr. McCormick also argues in his initial brief that the district court erred in failing to remand under 42 U.S.C. § 405(g), but he withdrew this claim in his reply brief as well. Accordingly, we will not address either issue. *See United States v. Daniels*, 685 F.3d 1237, 1251 (11th Cir. 2012).

adequate to support a conclusion.'" *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "Even if the evidence preponderates against the [Commissioner's] factual findings, we must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1991). The Commissioner's conclusions of law are reviewed *de novo*. *See Ingram* 496 F.3d at 1160.

## II

An ALJ must perform a five-step evaluation to determine whether a claimant has proven that he is disabled. *See* 20 C.F.R. § 416.920(a)(4). *See also McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1984). The claimant must prove that (1) he has not engaged in "substantial gainful activity"; (2) he has a "severe impairment or combination of impairments"; and (3) the impairment(s) "meets or equals" a listed impairment qualifying for automatic disability. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). If the claimant does not meet the listed standards, he must prove that (4) he "is unable to perform past relevant work" in light of his residual functional capacity ("RFC"). *Id.* If the claimant proves he cannot return to past relevant work, the ALJ must (5) "determine if there is other work available in significant numbers in the national economy that the claimant is able to perform." *Id.*

3

Step two is a "threshold inquiry" where only the most trivial impairments are to be rejected. *McDaniel*, 800 F.2d at 1031. The claimant's burden at this stage is mild. *See id.* We have explained that step two serves as a filter, and if any severe impairment is found, the requirements of step two are satisfied. *See Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). A single impairment or a combination of impairments that together qualify as severe may meet the requirements for step two. *See id. See also Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984) (explaining that where a claimant alleges multiple impairments, "a claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling"). The ALJ "must make specific and well-articulated findings as to the effect of the combination of impairments and [ ] decide whether the combined impairments cause the claimant to be disabled." *Id.*

At the third step, the ALJ must consider the claimant's medical condition as a whole and determine whether one severe impairment or the combination of impairments constitute a disability. *See Jamison*, 814 F.2d at 588. The claimant must meet the criteria from the categories in the Appendix 1 Listings to be considered disabled. *See* § 416.920(a)(4)(iii), (d). As relevant here, Listing 12.04 outlines mood disorders, including depression and bipolar disorder, and Listing 12.06 describes anxiety disorders. *See* 20 C.F.R. § 404, Subpart P, Appendix 1, Listings 12.04 and 12.06.

4

Step four requires the ALJ to assess the claimant's residual functional capacity and ability to undertake past relevant work. *See* § 416.920(a)(4)(iv). The claimant must prove he can no longer engage in past relevant work. *See Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). The ALJ must evaluate the claimant's ability to perform all the duties required by past relevant work—considering the claimant's impairment(s). *See Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990). If the ALJ finds that the claimant can perform past relevant work, he is not disabled, and there is no need to proceed to the fifth step. *Cf. Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986) ("If a Social Security claimant can still do the kind of work he has done in the past, he will be found not disabled.") (internal quotation marks and brackets omitted).

## III

The ALJ did not fail to consider the combined effects of Mr. McCormick's impairments. To satisfy the requirements of step two, the ALJ had to recognize the existence of a severe impairment or combination of impairments. *See Jamison*, 814 F.2d at 588. The ALJ considered Mr. McCormick's mood disability and history of special education, and that was sufficient to proceed to step three. *See* D.E. 5-3 at 29. And, as explained above, step two is merely a filter, and any error in considering an additional impairment is harmless since it does not factor into the determination of disability. *See Jamison*, 814 F.2d at 588. *See also Diorio v.*

5

*Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (holding that an error by ALJ in one step with no bearing on final determination was harmless).

At step three, the ALJ compared medical evidence to the required Listings, and found that Mr. McCormick's impairments, even in combination, did not meet the level of severity contemplated in Listings 12.04 (bipolar and depressive disorders) and 12.06 (anxiety disorders). *See* D.E. 5-3 at 30. The ALJ determined that Mr. McCormick's impairments amounted to a "moderate" restriction, and did not reach the "marked" restriction required for a finding of disability. *Id.* We conclude that the ALJ's determination "constitutes evidence that he considered the combined effects of [Mr. McCormick's] impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002).

The ALJ also considered the impairments individually and in combination when he evaluated Mr. McCormick's RFC under step four. The ALJ found that Mr. McCormick could meet the mental and physical demands of his past work as a shipping and receiving weigher despite his impairments. The ALJ reviewed medical records and determined that any claimed conditions, such as bipolar disorder or post-traumatic stress disorder, did not prevent Mr. McCormick from performing recent past work. *See* D.E. 5-3 at 33–34.

6

In sum, we conclude that the ALJ did not fail to consider the combined effects of impairments in determining that Mr. McCormick is not disabled under § 416.920.

## IV

The claimant bears the burden of proving he is unable to perform past relevant work. *See Lucas*, 918 F.2d at 1571. The ALJ must take all the duties of a claimant's past work into consideration and evaluate whether the claimant can still perform them in spite of the severe impairment or combination of impairments. *See id* at 1574.

Mr. McCormick testified that he had previously worked in a warehouse doing shipping and receiving.  A vocational expert testified that a hypothetical person with Mr. McCormick's RFC could perform as a shipper and receiver, according to the Dictionary of Occupational Titles' ("DOT") job description. *See* D.E. 5-3 at 34, 50. Based this testimony—and taking Mr. McCormick's impairments and limitations into account—the ALJ determined that Mr. McCormick could perform relevant past work in spite of his limitations.

On this record, we conclude that the ALJ's determination is supported by substantial evidence. Accordingly, we must affirm.  *See Ingram*, 496 F.3d at 1260.

## V

Based on the foregoing, we affirm the Commission's decision.

7

**AFFIRMED.**

8