[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15261
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-03892-AKK

CHRISTOPHER HEARN,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 31, 2015)

Before TJOFLAT, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Hearn appeals from the district court's judgment affirming the Commissioner's denial of his application for a period of supplemental social security income under 42 U.S.C. § 405(g). Hearn argues that the Appeals Council inadequately reviewed the new evidence that he submitted and should have remanded the case to the administrative law judge ("ALJ"); that the district court erred by not remanding the case based on that same evidence; that the ALJ failed to consider his impairments in combination and failed to consider all of his severe impairments; that the ALJ improperly substituted his own opinion for that of Hearn's examining doctor; and that the ALJ did not include all of Hearn's impairments in the hypothetical question to the vocational expert. Finding no error, we affirm.

We review the Commissioner's decision with deference to the factual findings and close scrutiny of the legal conclusions. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). The Commissioner's factual findings are conclusive if supported by "substantial evidence," which is relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Id.* Even if the evidence preponderates against the Commissioner's factual findings, we must affirm if the decision is supported by substantial evidence. *Id.* Because the Appeals Council's refusal to consider a submission of new evidence before denying review amounts to an error of law, that decision is subject to

2

judicial review, *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994), which we review *de novo*, *Ingram*, 496 F.3d at 1260.  When a claimant properly presents new evidence to the Appeals Council and it denies review, we essentially consider the claimant's evidence anew to determine whether "that new evidence renders the denial of benefits erroneous."  *See id.* at 1262.  A district court's determination of whether a remand is necessary is reviewed *de novo*.  *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001).

### I. New evidence

With a few exceptions, a claimant is allowed to present new evidence at each stage of the administrative process.  *See* 20 C.F.R. § 416.1470(b).  If new and material evidence is submitted, the Appeals Council must consider the additional evidence that relates to the period on or before the date of the ALJ's hearing decision.  *Id.*  The Appeals Council must then evaluate the entire record, including any new and material evidence submitted, and must then review the case if it finds that the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record.  20 C.F.R. § 416.1470(b).

Hearn's reliance on *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980), to argue that the Appeals Council must show in its written denial that it has adequately evaluated the new evidence is misplaced in light of the recent decision in *Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 853 (11th Cir. 2015).  The

Appeals Council denied the request for review here, as it had done in *Parks*, as opposed to affirming the decision of the ALJ, as had occurred in *Epps*.  "*Epps* has little bearing on a denial of a request for review."  *Parks*, 783 F.3d at 853.  *Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984), also cited by Hearn, "is inapposite too."  *Parks*, 783 F.3d at 853.  The Appeals Council did not err in its action notice.

Where a claimant seeks review of the Commissioner's final decision, the district court has two methods—each addressing a different problem—for remanding a case back to the Commissioner under 42 U.S.C. § 405(g).  *Ingram*, 496 F.3d at 1261.  These are known as "sentence four remands" and "sentence six remands."  *Id.*

The fourth sentence of § 405(g) provides a federal court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  A sentence four remand is "based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits," *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996), and is applicable when evidence was properly before the Commissioner, but "the Appeals Council did not adequately consider the additional evidence," *Ingram*, 496 F.3d at 1268.  To obtain a sentence four remand, the claimant must show that, in light of the new evidence submitted to the Appeals

Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole. *See id.* at 1266–67. Hearn's brief falls far short of accomplishing this; the brief only suggests that the new submissions "could bear" on his condition during the relevant time period.

The sixth sentence of § 405(g) provides a federal court the power to remand the application for benefits to the Commissioner for the taking of additional evidence upon a showing "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.* at 1261. Evidence is material if it is relevant and probative so that there is a reasonable possibility that it would change the administrative result. *See Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Hearn's brief contains only conclusory statements about the materiality of any new evidence. Thus, Hearn has failed to justify remand under the sixth sentence of § 405(g).

## II. Impairments

The Commissioner uses the following five-step, sequential evaluation process to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the regulations; (4) based on the Residual Functional Capacity ("RFC") assessment, whether the

claimant can perform any of his past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.  20 C.F.R. § 416.920(a)(4).

If the ALJ determines at step two that there is no severe impairment, then the claimant is not disabled.  *Id.* § 416.920(c).  Thus, the finding of any severe impairment, whether or not it results from a single severe impairment or a combination of impairments that together qualify as "severe," is enough to satisfy step two.  *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).  Where a claimant has alleged several impairments, the Commissioner must consider the impairments in combination and determine whether the combined impairments render the claimant disabled.  *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991).  An ALJ's statement that it has considered a combination of impairments is adequate to meet this standard.  *Id.*

Any error at step two was harmless because the ALJ found in Hearn's favor as to impairment, *Jamison*, 814 F.2d at 588, and the ALJ properly noted that he considered Hearn's impairments in the later steps, *Jones*, 941 F.2d at 1533.  We affirm that the ALJ committed no error in considering Hearn's severe impairments or combination of impairments.

6

### III. Doctor's Report

An ALJ must determine the weight accorded to various medical opinions. *See* 20 C.F.R. § 416.927(c).  The ALJ should consider the following factors: the examining and treatment relationship between the claimant and doctor, the length of the treatment and the frequency of the examination, the nature and extent of the treatment relationship, the supportability and consistency of the evidence, the specialization of the doctor, and other factors that tend to support or contradict the opinion.  *Id.*  The more relevant evidence a medical source presents to support an opinion, particularly medical signs and laboratory findings, the more weight will be assigned that opinion.  § 416.927(c)(3).  Generally, the more consistent an opinion is with the record as a whole, the more weight will be assigned that opinion.  § 416.927(c)(4).

The ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion."  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983).  The opinion of a treating physician need not be given substantial weight when there is "good cause" to the contrary, meaning that the opinion was not bolstered by the evidence, the evidence supported a contrary finding, or the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).

Hearn suggests that the ALJ substituted his opinion for that of Dr. Wilson, but Hearn's own brief shows that the ALJ actually afforded little weight to Dr. Wilson's evaluation in light of distinct contrasts with other evidence in the record. The ALJ complied with Eleventh Circuit precedent and did not err.

## IV. Hypothetical question

In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that includes all of the claimant's impairments. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). The hypothetical need only include the claimant's impairments, not each and every symptom. *Ingram*, 496 F.3d at 1270. Hearn makes only a conclusory statement about his paranoia and inability to work, which provides the Court no basis for reversal.

**AFFIRMED.**[1]

---

[1] The Commissioner's motion for leave to file its supplemental appendix out of time is GRANTED.