**Leticia MEDINA, Plaintiff–Appellant,**

**v.**

**SOCIAL SECURITY ADMINIS- TRATION, Commissioner, Defendant–Appellee.**

**No. 15–12343**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Jan. 6, 2016.

---

Williams Steverson, Don Boyden Long, III, U.S. Attorney's Office, Birmingham, AL, Arthurice Tylune Brundidge, Kristen Glover, Christopher Gene Harris, Marcus Mauney Johns, Depak Sathy, Mary Ann Sloan, Stephen Thompson, Social Security Administration Office of the General Counsel, Atlanta, GA, for Defendant–Appellee.

Before ED CARNES, Chief Judge, TJOFLAT, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Leticia Medina appeals the district court's order affirming the Social Security Commissioner's denial of her application for disability insurance benefits. She challenges the decision of the administrative law judge (ALJ) on several grounds. First, she contends that the ALJ erred in failing to find that all of her impairments were severe. Second, she argues that the ALJ did not adequately explain why he gave little weight to the medical opinions of her physician, nurse practitioner, and psychiatrist. Finally, she contests the ALJ's determination that she could still perform her past work.

In June 2010 Medina filed an application for disability insurance benefits. Before her purported disability onset date of March 24, 2010, she had worked as a data entry clerk, case manager, translator, receptionist, admissions clerk, general clerk, and job placement worker. She alleged that during surgery for thyroid cancer conducted on March 23, 2010, doctors damaged the nerves in her neck, limiting her ability to move her neck and arm. She asserted that the nerve damage caused

Myron K. Allenstein, Allenstein & Allenstein, LLC, Gadsden, AL, for Plaintiff–Appellant.

Michael B. Billingsley, Joyce White Vance, Jenny Lynn Smith, Carolyn

constant, severe pain in her neck, shoulders, left arm, and lower back, and—combined with her obesity and depression—prevented her from dressing on her own, doing housework, cooking, or working. After the Social Security Administration denied her initial application and her request for reconsideration, she sought a hearing before an ALJ.

The ALJ, applying the five-step analysis for determining eligibility for disability insurance benefits, *see* 20 C.F.R. § 404.1520(a)(4)(i)-(v), found that, first, Medina had not engaged in substantial gainful activity since March 24, 2010. Second, she had severe impairments of obesity and "thyroid cancer status post total thyroidectomy," but her depression was non-severe. The ALJ did not classify the remainder of Medina's medical issues. Third, her impairments did not meet or equal one of the impairments listed in the Code of Federal Regulations. Fourth, she had the residual functional capacity to perform light work with certain adjustments (for example, she could not use her left arm for significant lifting or carrying on a regular basis, and she had very little horizontal or vertical movement in her cervical spine). But the ALJ concluded that, despite her limitations, she was capable of performing her past relevant work as a data entry clerk and as a translator, as that work did not require the performance of activities precluded by her residual functional capacity. Because the ALJ's determination that Medina could perform her past relevant work meant that she was not disabled, he did not proceed to the fifth and final step set out in § 404.1520(a)(4)(v).

The Social Security Appeals Council denied Medina's request to review the ALJ's decision. Medina then filed a civil action in the district court, which affirmed the ALJ's decision. This is her appeal.

Where the ALJ denied benefits and the Appeals Council denied review of that decision, "we review the ALJ's decision as the Commissioner's final decision." *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir.2001). "We review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Id.* That means "[t]he Commissioner's factual findings are conclusive if they are supported by substantial evidence, consisting of such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation marks omitted).

## I.

Medina first contends that the ALJ erred at the second step of the five-step analysis set out at 20 C.F.R. § 404.1520(a)(4)(i)-(v), because he did not find that her depression, lower back pain, neck pain, shoulder pain, left arm weakness, and limited range of motion at the cervical spine, constituted severe impairments. Step two of the test merely "acts as a filter." *Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir.1987). In other words, "if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough" to proceed with the rest of the five-step analysis. *Id.* Thus, even if Medina's other conditions should have been categorized as severe impairments, any error was harmless because the ALJ determined that her obesity and "thyroid cancer status post total thyroidectomy" were severe impairments, allowing him to move onto step three of the test. *See Diorio v. Heckler,* 721 F.2d 726, 728 (11th Cir.1983) (holding that the com-

plained-of error was harmless because it did not impact the step being challenged); *see also* 20 C.F.R. § 404.1520(a)(4),

Medina appears to argue that the purported error at step two affected the ALJ's analysis at step four because the ALJ failed to consider the combined effect of her severe and non-severe impairments in determining whether she was capable of performing her past work. But the ALJ stated that he had considered all of Medina's symptoms and all opinion evidence, and his ruling included a discussion of the degree of limitation caused by Medina's depression, her subjective allegations of pain, and her mobility limitations, in assessing her residual functional capacity. *See Jamison,* 814 F.2d at 589–90; *Walker v. Bowen,* 826 F.2d 996, 1001 (11th Cir. 1987).

## II.

Medina next contends that the ALJ did not adequately explain the weight given to the medical opinions of physician Dr. Jane Teschner, nurse practitioner Carol James, and psychiatrist Dr. David Wilson, all of whom, she argued, should have been considered treating sources. The ALJ is required to give the medical opinions of treating sources substantial or considerable weight absent good cause. *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1179 (11th Cir.2011); *see also* 20 C.F.R. § 404.1527(c)(2).

■ Contrary to Medina's contention, James and Dr. Wilson were not treating sources. James cannot be considered a treating source because nurses are not listed in the regulations as acceptable medical sources. *See* 20 C.F.R. §§ 404.1502, 404.1513(a), (d). And Dr. Wilson is not a treating source either, because he did only one examination of Medina and did not have an ongoing treatment relationship with her. *McSwain v. Bowen,* 814 F.2d

617, 619 (11th Cir.1987); 20 C.F.R § 404.1502.

■ In giving James' medical opinion little weight, the ALJ noted that she (a nurse) is not a medical doctor or specialist, and correctly concluded that her conclusory statement that Medina was disabled and unable to work was an opinion reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1). The ALJ gave Dr. Wilson's opinion only "some" weight because other medical evidence showed that Medina had only mild symptoms of depression and her depression was generally well controlled with medication. Indeed, two other doctors reported that Medina had no psychiatric issues, a nurse reported that Medina did not show evidence of depression, and Medina self-reported that she was "doing fine with aspects of [her] depression." That is certainly "relevant evidence [that] a reasonable person would accept as adequate to support a conclusion" that Dr. Wilson's medical opinion was not supported by the record as a whole and, therefore, was not entitled to great weight. *See Doughty,* 245 F.3d at 1278.

■ On the other hand, Dr. Teschner, one of Medina's physicians, was a treating source, and as such, the ALJ was required to give her medical opinion substantial or considerable weight absent good cause. *Winschel,* 631 F.3d at 1179; *see also* 20 C.F.R. § 404.1527(c)(2). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel,* 631 F.3d at 1179 (quotation marks omitted). The ALJ explained that he gave Dr. Teschner's medical opinion little weight because her opinion was based on Medina's subjective complaints and she did not conduct any

objective tests. That articulation of reasons is sufficient to show good cause, especially in light of the contrary medical evidence of three other examining physicians, whose records showed that Medina suffered less pain and had more mobility than Dr. Teschner's reports indicated. *See id.*

### III.

Medina's final contention is that substantial evidence does not support the ALJ's finding that she could not perform her past relevant work because the ALJ improperly relied on an outdated residual functional capacity assessment completed early in her period of purported disability. But the ALJ did not rely on the contested residual functional capacity assessment; instead, he used his own residual functional capacity assessment, which differed from the earlier assessment, in determining what type of work Medina could still perform. Substantial evidence supports the ALJ's determination that Medina was not disabled.

**AFFIRMED.**