[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14763
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-00084-LJA-TQL

KIMBERLY LUSTGARTEN,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 15, 2019)

Before NEWSOM, GRANT, and FAY, Circuit Judges.

PER CURIAM:

Kimberly Lustgarten appeals the district court's order affirming the

Commissioner of Social Security's denial of her applications for disability

insurance benefits and supplemental security income.  On appeal, Lustgarten

argues that the administrative law judge (ALJ) erred in assigning limited weight to

her primary care physician's opinions, finding that her subjective complaints of

pain were not entirely credible, and failing to consider her headaches as a separate

impairment.  She also argues that the Appeals Council erred in denying review of

the ALJ's ruling because it failed to properly consider newly submitted evidence.

After a thorough review of the briefing and administrative record, we affirm.

## I.

"We review the Commissioner's factual findings with deference and the

Commissioner's legal conclusions with close scrutiny."  *Doughty v. Apfel*, 245

F.3d 1274, 1278 (11th Cir. 2001).  We will affirm if the Commissioner applied the

correct legal standards and his decision is supported by substantial evidence.  *See*

*Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam).

"Substantial evidence is something 'more than a mere scintilla, but less than a

preponderance.'"  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per

curiam) (citation omitted).  It is "such relevant evidence as a reasonable person

would accept as adequate to support a conclusion."  *Moore v. Barnhart*, 405 F.3d

1208, 1211 (11th Cir. 2005) (per curiam).  Under this limited standard of review,

we will not make factual findings or credibility determinations in the first instance

or re-weigh evidence.  *Id.*  We defer to the ALJ's decision if it is supported by

substantial evidence, even if the evidence preponderates against it.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (per curiam). Where, as here, the Appeals Council denies review of an unfavorable decision by the ALJ, we review the ALJ's ruling as the final decision of the Commissioner. *Doughty*, 245 F.3d at 1278.

## II.

Social Security regulations outline a five-step process that the ALJ must use to determine whether a claimant is disabled: first, the ALJ considers the claimant's work activity; second, if the claimant is not engaged in substantial gainful activity, the ALJ considers the medical severity of her impairments; third, if the claimant has a severe impairment or combination of impairments of sufficient duration, the ALJ must determine whether that impairment or combination of impairments meets or equals one of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1; fourth, if not, the ALJ must determine whether the claimant can perform her past relevant work in light of her residual functional capacity; and fifth, if the claimant cannot perform past relevant work, the ALJ must determine whether she can perform other work found in the national economy commensurate with her age, education, and experience.  20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v); *see Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178

(11th Cir. 2011). If, as the ALJ found here, the claimant can perform past relevant work, then she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Lustgarten does not dispute the ALJ's findings that she had not engaged in substantial gainful activity since her alleged onset date of November 1, 2011; that she did have severe impairments—namely, obesity, degenerative disc disease of the lumbar and cervical spine, degenerative joint disease of the knees, and hypertension—and that none of her impairments were equivalent in severity to a listed impairment. Instead, she focuses on step four of the disability analysis and the ALJ's finding that she had the residual functional capacity to perform a limited range of sedentary work, including her past relevant work as a telemarketer.[1] Specifically, she argues that the ALJ improperly discounted the opinion of one of her treating physicians and her own testimony regarding her limitations and improperly failed to consider her headaches as a separate impairment. We address each argument in turn.

### III.

### A.

At step four of the sequential analysis, the ALJ must first determine the claimant's residual functional capacity, and then decide whether she has the ability

---

[1] We presume the parties' familiarity with the facts and recite only those necessary to the resolution of the appeal.

to return to her past relevant work.  *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).  In determining a claimant's residual functional capacity, the ALJ must consider all relevant evidence, including medical opinion evidence.  *See id.*; 20 C.F.R. § 404.1545(a)(3).  The ALJ must give a treating physician's medical opinion "substantial or considerable weight," unless the ALJ clearly articulates good cause for discounting that opinion.  *Winschel*, 631 F.3d at 1179 (citation omitted).  "Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'"  *Id.* (citation omitted).  When the ALJ articulates specific reasons for failing to give the opinion of a treating physician controlling weight and those reasons are supported by substantial evidence, we will not reverse the Commissioner's decision.  *Moore*, 405 F.3d at 1212.

One of Lustgarten's treating physicians, Andrew Dekle, M.D., completed a medical source statement in which he opined (as relevant here) that Lustgarten could stand and walk for less than 2 hours and sit for a total of about 2 hours during an 8-hour work day; she would need to change positions and walk around every 15 minutes; she would have to rest, recline, or lie down at unpredictable intervals "most of the time" during an 8-hour shift; and she would need to elevate her legs above her heart at "all available times" during the day due to swelling in

5

her legs and feet.  Dr. Dekle also stated that Lustgarten did not need a cane or walker to walk, but he issued a prescription for a cane—without an accompanying office note—about a week later.

The ALJ found that Dr. Dekle's opinion was due "little weight" because it was "inconsistent with the longitudinal evidence of record."  The ALJ cited to multiple other medical evaluations from Lustgarten's emergency room, hospital, and primary care physician visits which stated that Lustgarten had normal range of motion in her arms and legs, normal motor strength and sensory responses, walked with a steady gait, and had no swelling in the feet and lower legs.  The ALJ recognized that Dr. Dekle had prescribed a cane for Lustgarten but noted that there was no indication that she would need a cane for 12 months or more.  The ALJ also noted that Lustgarten's activities of daily living, which included laundry, light housekeeping, preparing simple meals, driving, shopping, and babysitting, as well as periodic work activity, were inconsistent with Dr. Dekle's opinion about the extent of her work limitations.

Lustgarten claims that the ALJ failed to apply the tests for assigning weight to a treating physician's opinion set out in 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2).  Under these regulations, the ALJ gives "controlling weight" to a treating physician's opinion if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent

with the other substantial evidence" in the claimant's record. *Id.*

§§ 404.1527(c)(2), 416.927(c)(2).  If the ALJ does not assign controlling weight to

the opinion, the ALJ must consider (1) whether the doctor has examined or treated

the claimant; (2) the length, nature, and extent of the doctor's relationship with the

claimant or the frequency of examination; (3) the amount of evidence and

explanation supporting the doctor's opinion; (4) the consistency of the opinion

with the record as a whole; (5) the doctor's specialization; and (6) other factors

such as how familiar the doctor is with other evidence in the claimant's case

record.  *Id.* §§ 404.1527(c), 416.927(c).

Lustgarten's argument that the ALJ did not engage in this analysis is flatly

contradicted by the ALJ's written decision.  The ALJ explicitly stated that he had

considered the opinion evidence in accordance with 20 C.F.R. §§ 404.1527 and

416.927 and relevant Social Security Rulings, and Lustgarten has not pointed to

any evidence in the decision or in the record as a whole to contradict that

statement.  Moreover, the ALJ's detailed discussion of Lustgarten's medical

records, including Dr. Dekle's treatment notes and disability opinion, makes it

clear that the ALJ did consider the factors above, including the nature, duration,

and frequency of Dr. Dekle's examination and treatment of Lustgarten, his

specialty as a primary care physician, the somewhat conclusory nature of Dr.

Dekle's disability opinion, and the conflicts between Dr. Dekle's opinion and the record as a whole.

As to the ALJ's determination that Dr. Dekle's opinion was inconsistent with Lustgarten's other medical records, our review confirms the ALJ's assessment. Although Lustgarten's medical records contain a handful of references to lower leg or foot swelling, most of those references were before her alleged disability onset date, in the period leading up to or during the recovery from her foot surgery. Aside from one note to elevate her feet for two days due to swelling and one note to elevate her right foot after surgery—both before the alleged disability onset date—no examining physician other than Dr. Dekle recommended that Lustgarten keep her feet elevated or noted any limitation on her ability to sit and do sedentary work. The vast majority of Lustgarten's many examination notes after her alleged onset date state that she has no swelling, with normal strength and range of motion. She was observed to walk without difficulty and with a steady gait. And two consulting physicians who reviewed Lustgarten's medical records in 2013 concluded that, with normal breaks, Lustgarten could sit, stand, and walk for six hours during an eight-hour workday. The ALJ appropriately allocated "some weight" to the consulting physicians' opinions, which were medical interpretations and summaries of Lustgarten's examination records from the first year to 18 months after the alleged onset of her disability. In

8

short, the ALJ adequately articulated good cause for discounting Dr. Dekle's opinion, and the ALJ's opinion that Lustgarten had the residual functional capacity to perform her past relevant work as a telemarketer is supported by substantial evidence.

Lustgarten argues that the ALJ should have sought additional information from Dr. Dekle about his opinion, and specifically about why he prescribed a cane and how long he expected Lustgarten to use it, before assigning "little weight" to Dr. Dekle's opinion. Lustgarten cites Social Security Ruling 96-2p, which stated in part that "in some instances," additional record development "may provide the requisite support for a treating source's medical opinion that at first appeared to be lacking or may reconcile what at first appeared to be an inconsistency between a treating source's medical opinion and the other substantial evidence in the case record." SSR 96-2p, 61 Fed. Reg. 34490, 34491 (July 2, 1996), *rescinded effective* March 27, 2017, 2017 WL 3928305 (March 27, 2017).

Contrary to Lustgarten's arguments, this Ruling does not mandate that the ALJ recontact a treating physician before assigning weight to the physician's opinion. The Ruling states that ordinarily, "development should not be undertaken for the purpose of determining whether a treating source's medical opinion should receive controlling weight if the case record is otherwise adequately developed." *Id.* Here, the record was sufficiently well developed for the ALJ to determine that

9

Dr. Dekle's opinion about Lustgarten's work limitations was an outlier and inconsistent with other physicians' examinations and Lustgarten's daily activities, regardless of whether Dr. Dekle intended the cane prescription to be permanent. And in any event, the additional information later provided by Dr. Dekle to the Appeals Council—that he prescribed the cane because Lustgarten was at risk for falls, that he expected her to use the cane for at least 12 months, and reiterating his opinion that she would need to keep her legs elevated for most of the day to avoid leg swelling—added nothing significant to the information already before the ALJ regarding whether Lustgarten could perform the work of a telemarketer. Even if the ALJ had erred in failing to recontact Dr. Dekle, therefore, any such error would have been harmless. *Cf. Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

## B.

Lustgarten also challenges the ALJ's determination that her testimony about her symptoms was not entirely credible. Generally, "credibility determinations are the province of the ALJ, and we will not disturb a clearly articulated credibility finding supported by substantial evidence." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Here, Lustgarten testified that she has constant pain in her back, neck, and knees, and that she could walk only 50 or 100 feet before becoming short of breath. She testified that these symptoms prevented her from sitting in an office chair for more than 15–30 minutes and that she had to

10

spend 6–7 hours in an 8-hour day either in a recliner or propped up on the couch. After discussing Lustgarten's medical records, the ALJ found that Lustgarten's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."

Substantial evidence supports this determination. As discussed above, Lustgarten's medical records from the four-year period between her alleged onset date and the date of the ALJ's decision show that no physician other than Dr. Dekle noted any limitation on her ability to sit or recommended that she elevate her feet for most of the day, every day. Although examination notes from that period show that she occasionally complained of pain in her back, neck, or knees, she was most often noted to have normal motor strength and range of motion. And as the ALJ pointed out, Lustgarten's daily activities during the same time period—laundry, light cooking and housecleaning, driving, shopping, babysitting, and periods of work activity—were also inconsistent with Lustgarten's severe characterization of her physical limitations.

Lustgarten contends that the ALJ should have relied on Dr. Dekle's statement that he had no reason to believe that Lustgarten was malingering or embellishing her symptoms as support for her credibility. But the ALJ was required to make his own credibility determination; he did not have to take Dr.

11

Dekle's word for whether Lustgarten accurately described the severity of her symptoms. *See id.* And the ALJ had already found that Dr. Dekle's opinion about Lustgarten's limitations—which presumably was based in part on his acceptance of Lustgarten's subjective description of her symptoms—was inconsistent with her medical records as a whole. Because substantial evidence supports the ALJ's determination that Lustgarten's physical limitations were not as extensive as she alleged, we will not disturb the ALJ's credibility determination. *See id.*

## C.

Lustgarten argues that the ALJ failed to properly evaluate her headaches during his disability analysis because he failed to discuss some reports of headaches in her medical records and did not acknowledge a radiologist's report of a sinus cyst and possible brain microvasculopathy. We are not persuaded.

In determining whether a claimant can perform her past relevant work despite her impairments, the ALJ must consider a claimant's "entire medical condition," including all impairments, whether severe or not. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *see* 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), & 416.945. Here, the ALJ considered the reports of headaches in Lustgarten's medical records when making his determination regarding her residual functional capacity. The ALJ did not designate her headaches as a severe impairment or find that they impacted Lustgarten's ability to work, but Lustgarten

12

herself provided no evidence to support such findings.  Although she listed headaches as a medical condition that limited her ability to work in her initial Disability Report, she did not describe the frequency or severity of her headaches, nor did she describe how her headaches affected her ability to work or engage in daily activities.  She provided no additional information about her headaches in subsequent Disability Reports submitted during the appeal process, and she did not even mention headaches in the function report describing how her conditions limited her activities, in the pain questionnaire she submitted in support of her claim, or in her testimony at the hearing before the ALJ.

Lustgarten's medical records from the alleged disability period are similarly uninformative regarding any impact of her headaches on her ability to work.  Her records show that she only rarely reported having a severe headache and reported having fewer headaches over time.  In early 2011 (before her disability onset date), Lustgarten reported that her headaches were a chronic, daily problem.  In 2012, she reported one migraine headache lasting 12 days, but she later told her primary care physician that she got headaches only once or twice a week and took over-the-counter pain medication for them.  In 2014, she visited the emergency room complaining of a severe headache, but during that same visit she reported that she "rarely" got headaches.  And Dr. Dekle did not mention Lustgarten's headaches at all in his opinion regarding her work-related limitations.

13

To the extent that Lustgarten contends that the radiologist's report of a sinus cyst and possible brain microvasculopathy should have been considered evidence that her headaches were disabling, we disagree. The "mere existence" of an impairment provides no information about whether or to what extent the impairment limits the claimant's ability to work, nor does it undermine the ALJ's disability determination. *Moore*, 405 F.3d at 1213 n.6; *see McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) ("the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work").

A claimant applying for disability benefits bears the burden of proving that she is disabled, and to do so, she must produce evidence supporting her claim. *See* 20 C.F.R. § 404.1512; *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam). "At step four, the claimant carries a heavy burden of showing that his impairment prevents him from performing his past relevant work." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). Lustgarten presented the ALJ with no medical evidence showing that her headaches caused or contributed to any limitation on her ability to work. And when asked to describe the symptoms that limited her daily activities, she did not mention headaches at all. Under the circumstances, the ALJ's references to reports of headaches in Lustgarten's medical records were sufficient to show that he considered the information that she provided related to that alleged impairment in

14

determining her residual functional capacity.

## IV.

Last, Lustgarten contends that the Appeals Council erred by failing to properly consider a supplemental report from Dr. Dekle that she submitted with her administrative appeal.  The Appeals Counsel considered the evidence that Lustgarten submitted but found that the new evidence did not provide a basis for reversing the ALJ's decision.

"The Appeals Council has the discretion not to review the ALJ's denial of benefits.  But the Appeals Council 'must consider new, material, and chronologically relevant evidence' that the claimant submits."  *Washington v. Soc. Sec. Admin.*, *Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (per curiam) (citations omitted).  Review of the ALJ's decision is required if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citation omitted).  The Appeals Council is not required to "give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision."  *Mitchell*, 771 F.3d at 784.  When "a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous."  *Ingram*, 496 F.3d at 1262.

In his supplemental report, Dr. Dekle explained that he prescribed a cane for Lustgarten because she was at "extreme risk for falls," and he expected that she would need the cane for 12 months or longer because "her disease processes are not reversible." He also agreed that Lustgarten's obesity exacerbated her degenerative disc disease and degenerative joint disease, and that her obesity alone could potentially result in shortness of breath, fatigue, and difficulty stooping, bending, and reaching. He then reiterated his opinion that Lustgarten would have difficulty sitting for six hours in an eight-hour day and that sitting for more than two hours without elevating her legs above her heart would precipitate swelling. Treatment records attached to the supplemental report showed that Lustgarten complained of low back pain and tenderness in May and June 2014.

This evidence did not render the ALJ's denial of benefits erroneous. Again, Lustgarten failed to show that any need for a cane would prevent her from returning to her past relevant work of telemarketing. And Dr. Dekle's other statements were cumulative of the opinions previously submitted to the ALJ. The information in Dr. Dekle's supplemental report was therefore not "new" and "material." *See Washington*, 806 F.3d at 1323 n.9.

## V.

The ALJ applied the correct legal standards in evaluating Lustgarten's applications for Social Security and disability benefits, and his determination that

16

Lustgarten is not disabled is supported by substantial evidence.  And because the

ALJ's disability determination was not contrary to the weight of the evidence

before the Appeals Council, the Appeals Council did not err in declining to review

the ALJ's decision.  We therefore affirm.

 **AFFIRMED.**