[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13701

Non-Argument Calendar

_____

TAMMY HOWARD,

Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cv-00433-HNJ

_____

Before JORDAN, ROSENBAUM, and LAGOA, Circuit Judges.

PER CURIAM:

Tammy Howard challenges the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for disability benefits. Howard argues that the administrative law judge ("ALJ") did not properly consider all her impairments, and that substantial evidence does not support the ALJ's evaluation of the limitations caused by her impairments. She also contends that her disability claim was mishandled in violation of her due-process rights. After careful review, we affirm.

## I.

In Social Security appeals, when the ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the final agency decision. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021). Our review is limited to whether substantial evidence supports the ALJ's findings, and whether the correct legal standards were applied. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). We review de novo whether the ALJ applied the proper legal standards. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018).

Substantial evidence means "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation marks omitted). The substantial-evidence threshold "is not high." *Biestek v. Berryhill*, 587

U.S. 97, 103 (2019).  Under this deferential standard, we do not "decide the facts anew, reweigh the evidence, or substitute our judgment for" that of the agency.  *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (quotation marks omitted).  Even if a preponderance of the evidence weighs against the ALJ's decision, we will affirm so long as substantial evidence supports it. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).

The ALJ must develop a full and fair record.  *Welch v. Bowen*, 854 F.2d 436, 440 (11th Cir. 1988).  Doing so ensures the ALJ has "scrupulously and conscientiously probe[d] into, inquire[d] of, and explore[d] for all the relevant facts," while also enabling us on appeal "to determine whether the ultimate decision on the merits is rational and supported by substantial evidence."  *Id.* (citations omitted).  But even so, the ALJ need not discuss every piece of evidence in his decision.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

An individual claiming disability benefits must prove that she is disabled.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ uses a five-step, sequential evaluation process to determine whether a claimant is disabled.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  Broadly speaking, this involves evaluating the severity of a claimant's alleged impairments and determining whether they prevent her from working.  *See* 20 C.F.R. § 404.1520(4).

At step four of this process, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite h[er] impairments." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019); 20 C.F.R. § 404.1545(a)(1). In formulating the RFC, the ALJ must account for all relevant medical evidence and other evidence. *Buckwalter*, 5 F.4th at 1320.

## II.

Howard applied for disability benefits in July 2018, when she was 48 years old. She alleged that she became disabled in December 2017 based on several impairments, including anxiety, depression, asthma, hypersensitivity, and irritable bowel syndrome with fecal incontinence. An ALJ held a hearing in October 2019 and denied Howard's disability claim in December 2019, and the Appeals Council denied review. Howard sought judicial review, and the district court reversed and remanded for further proceedings. The ALJ held a second hearing by phone on remand in November 2021, at which Howard and a vocational expert testified.

In May 2022, the ALJ issued a written decision finding that Howard was not disabled. The ALJ found that Howard suffered from the severe impairments of obesity, generalized anxiety disorder, major depressive disorder, irritable bowel syndrome, and fibromyalgia. However, the ALJ found that Howard's asthma was not a severe impairment. The ALJ noted that Howard had been diagnosed with asthma and prescribed a rescue inhaler in August

2017, but that there was "no evidence of ongoing treatment" or abnormal clinical findings. Yet although Howard's asthma was found to be non-severe, the ALJ explained that she would still consider its effects on Howard's ability to work, in combination with her other impairments, when formulating her RFC.

And on the question of Howard's RFC, the ALJ found that Howard could perform "light work" with the following additional limitations:

> [S]he can frequently handle, finger, and feel with the bilateral upper extremities; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; have occasional exposure to temperature extremes, dust, odors, fumes, and pulmonary irritants; and have no exposure to unprotected heights, hazardous machinery, or commercial driving. She can understand and remember simple instructions; maintain attention and concentration to carry out simple instructions in at least two hour intervals over an 8 hour work day; have occasional contact with coworkers and the general public; and adapt to infrequent, gradual changes in the work environment.

With that RFC, according to the ALJ, Howard could not perform her past relevant work, but other work existed in the national economy that she could perform. Accordingly, the ALJ found that

Howard was not disabled from December 15, 2017, the alleged disability onset date, through May 24, 2022, the date of ALJ's decision.

Meanwhile, in April 2022, about a month before the ALJ's decision, Howard filed suit *pro se* in federal district court complaining about the lack of an agency decision on remand. The government responded in early August 2022, noting that Howard's complaint was filed prematurely and that the ALJ's decision became final on July 24, 2022, when the time for seeking review by the Appeals Council had passed. Thereafter, the district court granted the government's unopposed request for an extension of time, the administrative record was filed, and the parties submitted briefing. In a *pro se* brief, Howard maintained that she had timely faxed to the Appeals Council exceptions to the ALJ's decision, but they were not considered. Later, an attorney appeared on her behalf and filed a supplemental brief challenging the ALJ's decision.

A magistrate judge—exercising jurisdiction by consent of the parties—issued a final decision affirming the ALJ's decision. Howard now appeals, proceeding *pro se*.

## III.

Liberally construing her briefing on appeal, Howard appears to make three arguments: (1) the ALJ erred at step two by failing to find that some of her impairments were severe, and so failed to consider and evaluate all of her impairments in combination in the later stages of analysis; (2) the ALJ's RFC assessment is not supported by substantial evidence; and (3) the agency and the district

court mishandled her case and violated her due-process rights. We consider these arguments in turn.

## A.

Howard contends that the ALJ erred at step two of the sequential analysis by failing to find that her osteoarthritis, sleep apnea, excessive sweating, vertigo, carpal tunnel syndrome, hypersensitivity, neuropathy, and claustrophobia constituted severe impairments.

At step two of the sequential analysis, the ALJ must "consider the medical severity of [the claimant's] impairment(s)." 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment is one that significantly limits the claimant's ability to do basic work activities. *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). "This step is a threshold inquiry and allows only claims based on the most trivial impairments to be rejected." *Schink*, 935 F.3d at 1265 (quotation marks omitted). The claimant has the burden to establish a severe impairment or combination of impairments. *Id.*

Nonetheless, step two merely "acts as a filter." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir.1987). In other words, "if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough" to proceed with the rest of the five-step analysis. *Id.* Therefore, an error in categorizing an impairment at the second step as non-severe may be harmless where the ALJ proceeds to the

later stages of analysis. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (holding that the complained-of error was harmless because it did not impact the step being challenged); *see also* 20 C.F.R. § 404.1520(a)(4).

Here, Howard has not shown that any error the ALJ committed at step two was more than harmless. The ALJ determined Howard had multiple impairments that qualified as severe, including obesity, generalized anxiety disorder, major depressive disorder, irritable bowel syndrome, and fibromyalgia. As a result, even if some of Howard's other conditions should have been categorized as severe impairments, any error was harmless because the ALJ proceeded to the remaining steps of the five-step analysis. *See Diorio*, 721 F.2d at 728.

Nor are we persuaded that the ALJ otherwise failed to consider the combined effect of Howard's severe and non-severe impairments in determining her RFC. *See Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) ("Where a claimant has alleged several impairments, the [Commissioner] has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled."). The ALJ stated that she had considered Howard's non-severe impairments, including asthma, in combination with her severe impairments when formulating her RFC assessment, and had considered all of Howard's symptoms and all opinion evidence. Moreover, it appears the ALJ's ruling included a discussion of the medical evidence Howard claims the ALJ failed to consider,

specifically records from Dr. Gene Watterson and Dr. Robert Mitchell, as well as the medical opinion of Dr. Despina Moise, a treating psychiatrist. And the ALJ did not need to discuss every piece of evidence in her decision. *See Dyer*, 395 F.3d at 1211.

**B.**

Next, Howard maintains that the ALJ's RFC assessment is not supported by substantial evidence. Howard contends that she cannot perform light-duty work on a sustained basis due to pain and other symptoms of fibromyalgia, as well as severe stomach problems which require urgent and unexpected trips to the bathroom. And she contends that the limitations imposed by the ALJ do not properly reflect the severity of her symptoms, including pain and weakness in her wrists and hands; difficulty balancing from vertigo; a "bad knee and bad foot" with neuropathy and stiffness and soreness from fibromyalgia; asthma and hypersensitivity to fragrances or heat; and forgetfulness, confusion, and difficulty communicating with others. Howard testified at the hearing on remand that she experienced a cluster of physical and mental symptoms which "all relate[d] to fibromyalgia" and prevented her from working.

Fibromyalgia is "characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." SSR 12–2p, 77 Fed. Reg. 43640, 43641 (July 25, 2012); *see also* 20 C.F.R. § 404.1529(a)–(b). In evaluating the severity of fibromyalgia, the ALJ primarily considers objective medical evidence, particularly of "ongoing medical evaluation and

treatment from acceptable medical sources." SSR 12-2p, 77 Fed. Reg. at 43642, 43644. But fibromyalgia "often lacks medical or laboratory signs, and is generally diagnosed mostly on an individual's described symptoms." *Moore*, 405 F.3d at 1211. So the lack of objective evidence standing alone is not sufficient grounds to reject a fibromyalgia claimant's testimony as incredible. *Id.*

Rather, if objective medical evidence does not support a claimant's statements about the severity of her symptoms, the ALJ must "consider all of the evidence in the case record, including the person's daily activities, medications or other treatments the person uses, or has used, to alleviate the symptoms; the nature and frequency of the person's attempts to obtain medical treatment for symptoms; and statements by other people about the person's symptoms." SSR 12-2p, 77 Fed. Reg. at 43643; *see Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) (directing consideration of similar factors for other medical conditions based on subjective testimony). In *Moore*, for example, we upheld an adverse credibility determination in a fibromyalgia case where the ALJ relied on "inconsistencies between [the claimant's] descriptions of her diverse daily activities and her claims of infirmity." *Moore*, 405 F.3d at 1212. Where the ALJ decides not to credit a claimant's testimony about complaints of pain or other subjective conditions, the ALJ "must articulate explicit and adequate reasons for doing so." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

After careful review, we conclude that substantial evidence supports the ALJ's conclusion that Howard's impairments did not

render her disabled. As to Howard's fibromyalgia, the ALJ found that, while the condition was a severe, diagnosed impairment, Howard's statements about its limiting effects were not fully credible in light of other evidence, including her daily activities and the nature or frequency of her attempts to obtain medical treatment for symptoms. *See* SSR 12–2p, 77 Fed. Reg. at 43643. The ALJ found that Howard's self-reported daily activities, including managing her personal care, preparing simple meals, doing household chores, riding in a car, and caring for her horses and dogs, were "consistent with the ability to perform a range of light work and [we]re directly contradictory to the claimant's allegation that she [wa]s unable to work in any capacity." *See Moore*, 405 F.3d at 1212. The ALJ also considered that Howard was not receiving or seeking any ongoing medical treatment for her fibromyalgia.[1] Because our deferential standard of review prevents us from weighing the evidence anew, we must conclude that substantial evidence supports the ALJ's decision to discount Howard's testimony about the limiting effects of her fibromyalgia, even if other evidence supports her position, *see*

---

[1] Howard claims that she lost her health insurance and so has been unable to obtain treatment. After hearing testimony from Howard on this issue at the hearing, the ALJ found that "a lack of health insurance does not equate to a finding of disability," and that the record lacked evidence showing that Howard had exhausted efforts to seek treatment, such as "visits to free or subsidized clinics." On appeal, Howard identifies some efforts she made to obtain treatment after losing her insurance, but we are unable to say that the record lacks substantial evidence for the ALJ's finding.

*Buckwalter*, 5 F.4th at 1320, and even if we may not have reached the same decision ourselves.

Regarding Howard's other physical impairments, substantial evidence likewise supports the ALJ's decision. The ALJ reasonably concluded that the objective medical evidence did not corroborate Howard's claims about the limiting effects of her conditions.[2] As to asthma, the ALJ noted that, despite a diagnosis and prescription for a rescue inhaler in August 2017, there was no evidence of further treatment for exacerbation of symptoms, and treatment notes reflected no respiratory abnormalities. And the ALJ accommodated for the condition by limiting exposure to possible exacerbating factors. Regarding Howard's stomach problems, the ALJ explained that the available medical records showed largely normal clinical findings, that a state agency medical consultant had described the condition as non-severe, and that there was no evidence of treatment for the conditions after 2018. As to Howard's hand and wrist impairments, the ALJ noted findings of "median neuropathy with recommendations of bilateral wrist splints," and the ALJ

---

[2] Howard relies on a few conditions or symptoms that are briefly or vaguely referenced in her medical records, to the extent they are present at all, such as vertigo, claustrophobia, sleep apnea, carpal tunnel syndrome, osteoarthritis, hyperhidrosis, and hypersensitivity. But "the mere existence of these impairments does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard." *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). And here, substantial evidence supports the ALJ's RFC determination. We also note that Howard offers no support for her claim that the ALJ should have limited her decision to the evidence as it existed at the time of the original hearing in October 2019.

accommodated for that finding in the RFC.  And there is no evidence of follow-up visits for this condition from which we could infer that the ALJ misjudged its severity.  Plus, as noted above, the ALJ found that Howard's self-reported daily activities were not consistent with her allegations regarding the limiting effects of her conditions.

Finally, Howard has not shown that the ALJ erred in evaluating her mental impairments.  Again, the ALJ properly reviewed the objective medical evidence, noting Howard's history of treatment and her claimed symptoms, including "anxiousness, nervousness, brain fog with forgetfulness, difficultly handling stress, concentrating, completing tasks, and difficulty being around others." The ALJ concluded that the medical evidence was consistent with moderate limitations in all four broad areas of mental functioning, relying on an opinion by a state agency psychological consultant. And the ALJ imposed limitations consistent with the consultant's opinion.  The ALJ also noted the lack of evidence of treatment since 2018, nearly three years before the remand hearing.

Howard has not shown that the ALJ's findings lack substantial support in the record.  Howard points to an October 2019 statement from Dr. Moise, who wrote that she had treated Howard for anxiety and depression for three years, and that Howard "has reportedly been unable to work, and has experienced significant impairment in her ability to function." But the ALJ reasonably found that Dr. Moise's conclusory statement, which contained no opinions about what Howard "can still do despite her impairments,"

was not persuasive. That some evidence supports Howard's position does not permit us to vacate the ALJ's decision. *See Buckwalter*, 5 F.4th at 1320; *Mitchell*, 771 F.3d at 782.

## C.

Finally, Howard maintains that her due-process rights were violated during the administrative and district-court proceedings. She asserts that the Appeals Council failed to consider her timely faxed exceptions to the ALJ decision. She also contends that the district court erred by converting her complaint, which alleged a failure to timely rule by the ALJ, into a challenge to the ALJ's decision once it issued.

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotations omitted). But "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997).

Here, Howard has not shown that she was prejudiced by any procedural infirmity in her case. We see no indication that Howard was denied a full and fair hearing before the ALJ. And even assuming the Appeals Council erroneously failed to consider her exceptions, she has not shown any likelihood of a different result. Nor was she denied the opportunity to obtain judicial review of the ALJ's decision. Indeed, we have considered the exceptions attached

to Howard's brief on appeal, but we have concluded that the ALJ's decision is nonetheless supported by substantial evidence and based on proper legal standards.

Howard also complains that the district court should have dismissed her case rather than treating her complaint as a request to review the ALJ's decision. But we see no abuse of the district court's discretion. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them."). Howard did not object when the government sought an extension of time for purposes of treating her complaint as a request for review of the ALJ's decision. Instead, after the ALJ issued her decision in May 2022, Howard obtained counsel, who filed a supplemental brief challenging the ALJ's decision. Without any objection by Howard, the court did not err in reviewing the ALJ's decision.

## IV.

In sum, the ALJ properly considered all of Howard's medical limitations within the record, and substantial evidence supports the ALJ's decision that Howard can work even with her medical problems.

**AFFIRMED.**