[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12489

Non-Argument Calendar

_____

JASON B. RISCH,

Plaintiff-Appellant,

*versus*

COMMISIONER OF THE U.S. SOCIAL
SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:23-cv-08077-MCR-HTC

_____

Before ROSENBAUM, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Jason Risch appeals the district court's order affirming the Commissioner of the Social Security Administration's ("Commissioner's") denial of his application for disability insurance benefits. On appeal, Risch argues that the ALJ's residual functional capacity ("RFC") finding is more restrictive than the hypothetical RFC posed to the vocational expert, and, therefore, that the vocational expert's testimony was not substantial evidence on which the ALJ could rely. Risch also argues that the ALJ's RFC finding is not expressed in terms of work-related functions because it contains vague and ambiguous terminology. Finally, Risch argues that the ALJ erred because it (1) failed to find that Risch's anxiety disorder was a "severe" impairment at step two of the sequential evaluation process; (2) failed to consider his anxiety when making the RFC determination; and (3) failed to properly evaluate Risch's anxiety disorder pursuant to the requirements set forth under Listing 12.06. After careful review of the record, we affirm.

## I.

"When an ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision." *Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042, 1045 (11th Cir. 2020) (quotation marks omitted).

"[W]e review *de novo* the legal principles upon which the Commissioner's decision is based." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "However, we review the resulting decision only to determine whether it is supported by substantial evidence." *Id.* "Substantial evidence is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019) (quotation marks omitted). "This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Moore*, 405 F.3d at 1211. Thus, we must affirm the ALJ's decision, even if the evidence may preponderate against it, so long as it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).

The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on an "RFC" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011); 20 C.F.R. § 404.1520(a)(4)(i)–(v), (b)–(g).

The claimant's RFC is "the most [the claimant] can still do despite [the claimant's] limitations." C.F.R. § 404.1545(a)(1). An RFC includes "all of [the claimant's] medically determinable impairments" and is assessed "based on all the relevant medical and other evidence." *Id.* § 404.1545(a)(2)–(3). Social Security Ruling 96-8p describes an RFC as an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p. The assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms. *Id.*

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Winschel*, 631 F.3d at 1180 (quoting *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "The hypothetical need only include the claimant's impairments, not each and every symptom of the claimant." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (quotation marks and citation omitted).

In *Winschel*, the claimant argued that the ALJ's finding that he was not disabled was not supported by substantial evidence because the hypothetical question posed to the vocational expert omitted the claimant's moderate limitations in maintaining concentration, persistence, and pace, despite the ALJ having found that the claimant's mental impairments caused such limitations. *631*

F.3d at 1179–80.  We held that the vocational expert's testimony was not substantial evidence and could not support the ALJ's finding that the claimant could perform significant jobs in the national economy because the hypothetical question posed to the vocational expert did not include or implicitly account for all of the claimant's impairments.  *Id*. at 1181.

Absent extraordinary circumstances, issues that are not raised in an initial brief are considered forfeited and will not be addressed on appeal.  *Raper v. Comm'r of Soc. Sec.,* 89 F.4th 1261, 1274 (11th Cir. 2024*), cert. denied sub nom. Raper v. O'Malley,* 220 L. Ed. 2d 362 (Dec. 16, 2024).

Here, the ALJ's RFC finding (that Risch "can tolerate occasional superficial interaction with coworkers and supervisors, preferably in semi-isolation") was not more restrictive than the hypothetical RFC posed to the vocational expert (that the claimant "would be limited to no more than occasional superficial interaction with coworkers and supervisors, preferably small groups or something in isolation").  The RFC and the hypothetical state *identically* that the claimant is limited to "occasional superficial interaction with coworkers and supervisors."  To the extent that the RFC and the hypothetical differ slightly in their wording, we do not think the RFC was more restrictive—and certainly not to the extent that the vocational expert's testimony should be set aside as non-substantial evidence.  *See Crawford*, 363 F.3d at 1158 (substantial evidence is such relevant evidence as a reasonable person would accept as adequate to support a conclusion).  Moreover, an

ALJ need not use identical language in his hypothetical posed to the vocational expert and in his RFC finding, so long as the hypothetical "comprises all of the claimant's impairments." *Winschel*, 631 F.3d at 1180. We do not think that the ALJ's hypothetical failed to adequately account for Risch's impairments here. Therefore, we conclude that the vocational expert's testimony constituted substantial evidence on which the ALJ could rely.

Risch also argues that the ALJ's RFC finding contained vague and ambiguous terminology that was not expressed in terms of work-related functions. Yet Risch cites no binding case law to support his argument that the terms "superficial," "semi-isolation," and "preferably" are either impermissibly vague or ambiguous. He likewise cites no authority rebutting the magistrate judge's finding that the words "superficial," "semi-isolation," and "preferably" were "valid descriptor[s]" with meanings "readily understandable" by a vocational expert. No one—including Risch's attorney—questioned the meaning of these terms at the hearing or asked for further clarification. Under these circumstances, we can conclude that everyone at the hearing understood the plain meaning of the terms used in the RFC, and that the RFC finding properly expressed Risch's maximum ability to complete sustained work.

## II.

Finally, Risch argues that the ALJ failed to find that his anxiety disorder was a "severe" impairment and failed to properly evaluate his anxiety disorder pursuant to the requirements set forth under Listing 12.06.

Under step two of the five step sequential evaluation process, "the ALJ must determine if the claimant has any severe impairment." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). Step two "acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment . . . is enough to satisfy the requirement of step two." *Id.*

Listing 12.06 is titled "Anxiety and obsessive-compulsive disorders." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.06. Listing 12.06 has three paragraphs: paragraph A, paragraph B, and paragraph C. *Id.* § 1206. In order to meet Listing 12.06, the claimant must meet the criteria in paragraphs A and B or paragraphs A and C. *Id.* Paragraph B requires a claimant to have: "Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: 1. Understand, remember, or apply information. 2. Interact with others. 3. Concentrate, persist, or maintain pace. 4. Adapt or manage oneself." *Id.* § 1206(B) (internal citations omitted). Paragraph C requires the following:

> Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder; and
>
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

*Id.* § 1206(C) (internal citations omitted). The paragraph B and paragraph C criteria in Listings 12.04 and 12.15 are the same as the paragraph B and paragraph C criteria in Listing 12.06. *See id.* §§ 12.04, 12.06, 12.15.

Before moving on to step four, the ALJ must make an RFC finding. *See* 20 C.F.R. § 416.920(a)(4)(iv). "Consideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC." *Schink*, 935 F.3d at 1268. We have held that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Mitchell v. Comm'r, Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)).

A statement on "issues reserved to the Commissioner," like a statement that a claimant is disabled or unable to work, is evidence that is neither valuable nor persuasive.    20 C.F.R. § 404.1520b(c)(3)(i).

Here, the ALJ was not obligated to find that Risch's anxiety disorder was a "severe" impairment at step two because the ALJ found that Risch had other severe impairments.  *See* Tr. at 26 (finding that "[t]he claimant has the following severe impairments: degenerative disc disease, obesity, PTSD, and depression" (citing 20 C.F.R. § 404.1520(c))); *Jamison*, 814 F.2d at 588 ("[T]he finding of *any* severe impairment . . . is enough to satisfy the requirement of step two." (emphasis added)).  In other words, an ALJ need not identify every severe impairment a claimant has at step two.

Moreover, the ALJ did discuss the evidence pertaining to Risch's anxiety and properly considered his anxiety when making the RFC determination.  *See, e.g.*, Tr. at 29 (discussing the consultative examiner's opinion that Risch would "fail at maintaining employment because of his significant anxiety, dysphoria, and PTSD"); *id.* ("The claimant has exhibited anxiety and sought treatment for difficulties relating to others . . . . He quit his last job due to the stress caused, in part, by interacting with others."); *id.* at 27 ("On mental status testing [Risch] has shown an anxious/depressed mood and he has been hyperactive at times with rapid/pressured speech . . . . However, once again, the longitudinal record supports that no additional limitations are needed . . . . Even when showing signs of hyperactivity or an anxious mood, mental status testing

revealed logical thought processes and thought content, average to above average estimated intelligence/intellectual capacity, intact attention and memory, and cooperative behavior."); *id.* at 29–30 ("[T]he undersigned is persuaded . . . by the conclusion that the claimant has social deficits/anxieties that are a stress trigger."). In light of these findings, we reject Risch's argument that "the ALJ failed to engage in any meaningful discussion about Risch's anxiety in his decision." *See Dyer,* 395 F.3d at 1211 ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole." (internal quotations omitted)).

Finally, substantial evidence supports the ALJ's finding that Risch's anxiety did not meet or equal the criteria of Listing 12.06 because the ALJ expressly found that Risch did not meet the criteria of Listings 12.04 and 12.15, which contain the same criteria as Listing 12.06. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.04, 12.06, 12.15. This Court has held that "[t]here may be an implied finding that a claimant does not meet a listing." *Hutchison v. Bowen,* 787 F.2d 1461, 1463 (11th Cir. 1986). Because the ALJ found that Risch did not satisfy all the criteria of Listings 12.04 and 12.15, we can conclude that the ALJ implicitly found that Risch did not satisfy the criteria of Listing 12.06, either.

★    ★    ★

24-12489               Opinion of the Court               11

For all these reasons, we conclude that the Commissioner's decision to deny Risch's application for disability benefits was supported by substantial evidence. Therefore, we affirm the district court's judgment upholding the Commissioner's decision.

**AFFIRMED.**